THE PEOPLE OF THE STATE OF NEW YORK ex rel. CORNELIUS W. ROE, Relator, v. CHARLES F. MACLEAN and Others, as Police Commissioners, etc., Respondents.

*Removal of a policeman from the police force — the evidence of the commission of the offense must be positive, and not inferential.*

Proceedings were brought against a policeman for neglect of duty, in which he was charged with absence from his post during his tour of patrol duty; such absence consisted of sitting in a restaurant.   It was admitted by him that he had been sitting in the restaurant, but the evidence failed to establish affirmatively that at such time he was on duty.

*Held*, that a judgment dismissing the relator should be set aside.

That, in such proceedings, the charge must not only be sustained inferentially but absolutely by proper proof.

Certiorari to review the proceedings of the police commissioners of the city of New York in the removal and dismissal of Cornelius W. Roe a member of the police force of the police department of the city of New York.

The return to the writ showed that about the 4th day of October, 1889, certain written charges and specifications were duly made and filed with the police commissioners charging Cornelius W. Roe, then being connected with the police force of the police department in the city of New York, as a patrolman, with neglect of duty, in that "said patrolman, Cornelius W. Roe, was absent from his post and was sitting in the restaurant No. 2032 Third avenue, at 10.47 P. M., October 3, 1889, during his tour of patrol duty;" that he was tried upon such charge, after due notice and an appearance by him, and was adjudged to be guilty of the offense as charged and was dismissed from the police force.

*J. M. Tierney*, for the relator.

*John J. Delany*, for the respondents.

BRADY, J.:

The relator was charged with absence from his post during his tour of patrol duty, his absence consisting in sitting in a restaurant, but for what period is not stated. When the trial commenced the relator was called and examined, the first question asked, it may be observed, relating to a subject not embraced in the charge or specification. It was, "Why were you not here this morning as ordered?" and was followed by several questions relating to that seeming dereliction. The question finally put was this: "The charge against you is sitting in a restaurant at 10.47 P. M., October third," which was admitted to be true, the relator stating, when asked what he was doing there, that it was a chilly night and he went in for a cup of coffee. There is, however, no evidence that he was at that time on a tour of duty as charged, no further proof of any kind having been given, and the evidence does not, therefore, sustain the judgment pronounced against him. The rules asserted and re-asserted for our guidance by the court of last resort in the consideration of the evidence against the members of the force who have been tried are so strict, and there is such a marvelous limit upon our control, that it is incumbent upon us to see to it, and with some scrutiny, that the charge made is sustained, not inferentially, but absolutely upon proper proof. For this reason, namely, the absence of any proof that the relator was on a tour of duty at the time he was seen in the restaurant, the judgment should be vacated and the relator reinstated.

It may be remarked here, in addition, that the relator's wife, as appears by the record, made the following affidavit, to which no response was made:

City and County of New York, ss.:

Maggie Roe, being duly sworn, deposes and says: I am the wife of Cornelius W. Roe, the petitioner named in the petition hereto annexed. On or about the 21st day of November, 1889, shortly after my said husband had been dismissed from the police department, I called upon Police Commissioner John McClave at his residence, No. 156 West Seventy-second street, in the city of New York, in relation to my said husband's dismissal. I called the said commissioner's attention to the very slight dereliction with which my said husband had been charged, and in the conversation which ensued the said commissioner stated that my said husband, Cornelius W. Roe, had been dismissed on account of his previous record, and not because of the charge on which he was last tried. That when the case came before the full board Police Commissioner MacLean brought up the record of previous charges against my said husband, and on that account recommended dismissal, and that the other commissioners voted accordingly.

MAGGIE ROE.

Sworn to, before me, this 15th day of February, 1890.
JOHN MULHOLLAND,
*Notary Public* (75), *N. Y. Co.*

And, further, that the relator's record as an officer, returned by the respondent, and which was doubtless used against him, was not given in evidence at the trial, or he given any opportunity to explain it. These things combined suggest elements employed in the consideration of the case which should not have been countenanced and, therefore, not permitted to influence the respondents in forming their judgment.

Ordered as suggested, with costs.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment vacated and relator reinstated.