PEOPLE *ex rel.* BOHAN *v.* MACLEAN *et al.,* Police Commissioners.

(*Supreme Court, General Term, First Department.* February 11, 1891.)

DISMISSAL OF POLICE OFFICERS.

 A police officer, having fallen while chasing an offender, entered a liquor saloon for the alleged purpose of cleaning his clothes. Some witnesses testified that he did not appear affected by any stimulant whatever; others, who observed him as he was taken to and after his arrival at the station-house, testified that he was so much intoxicated as to be unfit for duty, and he did not then attempt to excuse his condition. His subsequent testimony, corroborated by his physician, established that he had that day taken medicine containing stimulating properties. *Held,* that the judgment should be affirmed. Following *People* v. *French,* 119 N. Y. 493, 23 N. E. Rep. 1058.

*Certiorari* on the relation of Patrick Bohan to Charles F. MacLean and others, police commissioners of the city of New York, to review a judgment of said board dismissing the relator from the police force on a charge of intoxication.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis J. Grant,* for appellant. *William H. Clark,* (*Edward H. Hawke, Jr.,* and *Charles A. O'Neil,* of counsel,) for respondents.

BRADY, J. The evidence seems to be sufficient to establish *prima facie* the charge of intoxication, but the response is satisfactory, and presents a preponderance of proof in favor of the relator. He was not examined by any physician, or by any expert, unless members of the force can be so regarded.

v.13N.Y.s.no.1—15

It appears from the record that he was in pursuit of an offender, who ran into and through a car. In the pursuit he fell and soiled his clothing, to clean which he was invited by a saloon-keeper into his saloon, accepted the invitation, and did the cleaning. There is no proof that he drank anything there, although the saloon-keeper was examined as a witness. He was much excited, partly from his exertions in pursuit of the offender and the fall, and partly from other causes which will be discussed below, and he seemed to his brother officers to be under the influence of liquor. His statement was that he had not drunk any liquor in two years, and none upon the day of the occurrence; that he had been ill, and sought the attendance of a Dr. Roth, who prescribed for him; that on the day charged he had not eaten anything; that he had taken the capsules prescribed by the physician, and was suffering from a pain in his head. It also appeared from the testimony of Dr. Roth that he had been ill, and that the medicine given him was composed mostly of alcoholic extracts, and would, taken by a person who had not eaten for some hours, produce a condition like that of intoxication. Some of the citizens who saw him would not say he was drunk, and others said he was not. The apparent inebriety seems to have been accounted for and explained. The result of the whole evidence leads to no other controlling conclusion than that the relator was under great excitement, the primary cause of which was the medicine he had taken, which was increased by the chase in which he was engaged in pursuit of an offender, actual or fancied. The power to reverse, under such circumstances, is twofold,—the condition being explained, and there being a decided preponderance of proof in favor of the relator. See *People* v. *French*, 119 N. Y. 496, 497, 23 N. E. Rep. 1058, and 119 N. Y. 507, 23 N. E. Rep. 1061. Judgment affirmed.

DANIELS, J. The evidence of the persons who observed the relator as he was taken to, and after his arrival at, the station-house, was that he was so much intoxicated as to be unfit for duty. He did not at the station attempt to excuse himself on account of the effect upon him of the medicine he had been taking, and that tended to subject his evidence to discredit. The fact that other witnesses did not consider him intoxicated did not avoid the effect of the evidence of these officers. Their evidence tended to prove that he had not been affected by any stimulant whatever, which was opposed to that given by himself and Dr. Roth. The verdict of a jury would not be set aside on these conflicting statements. While it is true that he obtained and used the medicine as it is stated he did, it is not probable that it would produce the condition in which the officers found him. But he probably added to the effect by the use of intoxicating liquors. There was sufficient in the evidence to justify that conclusion; and when that may be the fact, the case of *People* v. *French*, 119 N. Y. 493, 23 N. E. Rep. 1058, does not support a reversal of the proceedings. But upon the evidence adduced they should be affirmed in this case.

VAN BRUNT, P. J., concurs.