PEOPLE *ex rel.* FANNING *v.* MACLEAN *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.*   February 11, 1891.)

MUNICIPAL CORPORATIONS—DISMISSAL OF POLICEMAN.

Relator was dismissed from the police force for intoxication.   The police surgeon and two other witnesses testified that he was under the influence of liquor.   The proof in relator's favor was negative in character.   The answer of relator was that he had taken a single drink of whisky before going to bed.   *Held,* that the order of dismissal would not be reversed.

*Certiorari* on the relation of Edward Fanning to review the action of the police commissioners of the city of New York in dismissing the relator from the police force.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis J. Grant,* for relator.    *John J. Delany,* for respondents.

BRADY, J.   The charge against the relator was intoxication.   The testimony given to sustain it was sufficient for that purpose, and although the evidence in response tended to show that he was not intoxicated as charged, it was not so preponderating as to require us to set aside the determination of the commissioners.   Unless the evidence preponderates so as to thus demand our judgment, the appeal is not available.   *People* v. *French,* 119 N. Y. 502, 23 N. E. Rep. 1061.   Three witnesses, including a police surgeon,— the latter having examined him especially to ascertain his condition,—proclaimed that he was under the influence of liquor; and the proof in his favor related generally to an earlier hour than that proof, and was negative in character as to that time, although some witnesses, including the relator, spoke of the hour and time stated in the charge.   The answer of the relator was that he had taken a single drink of whisky before going to bed, and that his condition, whatever it was, resulted from that act.   This court can do nothing for him.   The responsibilities of policemen are such that unless ill they must be in condition to assume them, and not voluntarily unfit themselves for duty.   Perhaps it may be well to say that the better way—say the best way —for a policeman to retain his shield and to advance in the line of promotion is to be what is known as a temperance man.   The social pleasures to be derived from tippling are dangerous allies, and should be avoided if possible. It may be regarded as a great sacrifice to give up such a practice, but the greater sacrifice of position preponderates in importance in every possible view that can be taken of it.   Judgment affirmed.   All concur.