PEOPLE ex rel. O'MARA v. BOARD OF SUPERVISORS OF CAYUGA COUNTY.

*(Supreme Court, Special Term, Cayuga County. July, 1891.)*

MANDAMUS—TO BOARDS OF SUPERVISORS.

> *Mandamus* will not lie to a board of county supervisors to reaudit an account where a previous board has considered the whole claim on its merits, and in good faith exercised its judgment, and rendered a decision as to the amount which should be allowed.

Application of Dennis O'Mara for *mandamus* to the board of supervisors of Cayuga county to reaudit an account. Application denied.

*J. Rosecrans,* for relator.   *H. B. Converse,* for respondent.

DAVY, J.   It appears from the petition presented upon this motion that the relator, for services rendered and materials furnished in painting some of the county fences and buildings of Cayuga county, presented a bill in the year 1889 to the supervisors of that county, amounting in the aggregate to $646.05. The board of supervisors contended that the services were unauthorized, and that the county was under no legal obligation to pay the bill.   A resolution was finally adopted by the board allowing the relator the sum of $412, which sum was paid to the relator by the county treasurer of Cayuga county, and accepted by him.   The same bill, in the year 1890, was again presented to the board of supervisors by the relator, who claimed that he was entitled to have the balance of his bill audited and allowed.   The board rejected the bill on the ground that it had once been audited, and the amount paid and accepted by the relator.   Application is now made for a peremptory writ of *mandamus* requiring the board of supervisors of said county to reconvene and to reaudit the relator's account.   The board of supervisors derive their power to audit claims against the county from the statute laws of the state, which provide that the board of supervisors of each county in the state shall have power at their annual or special meetings to examine, settle, and allow all accounts chargeable against such county, and to direct the raising of such sums as may be necessary to defray the same.   1 Rev. St. p. 366, § 1.   They are also required to perform all other duties which may be enjoined on them by any law of this state.   There is no statute law, however, requiring them to review decisions of prior boards in reference to claims that have been once properly considered and audited against the county.   There being no law requiring them to perform such an act, they cannot be compelled by *mandamus* to do what the law does not require them to do.   The examination of the account by the board may be regarded and treated in the nature of a trial, and its allowance or disallowance is the decision of that tribunal; and when the board has properly exercised that jurisdiction which the law imposes in auditing claims against the county the sufficiency of the evidence or the injustice of the decision cannot be reviewed or inquired into by *mandamus,* nor will a *mandamus* lie to compel the board to reach any different decision.   While the writ of *mandamus* is an appropriate remedy to compel public officers, judicial as well as ministerial, to act, where the act is ministerial the officers may be compelled to perform the act according to law; but where the officers are vested with judicial or discretionary power to decide a question upon a disputed state of facts, they cannot be compelled by *mandamus* to decide in a particular way.   In other words, where the claim against the county is not regulated by statute or fixed by contract, the board, in its discretion, may allow such sum as in its judgment is right and proper.   In such cases the supervisors have a discretionary power which will not be interfered with by *mandamus,* directing how that discretion shall be exercised.   If, however, the statute prescribes the sum to be received for such services, or if the sum is fixed by a binding contract, the board is bound to allow the bill according to the requirements of the statute or contract.   They have no discretion over it, and if they refuse to allow the claim a *mandamus* will lie to compel them to allow it.   Where a claim is disallowed by the board because the bill was not made out and presented in proper form, or for any other reason not involving a decision upon the merits, the court might, in such a case, compel a subsequent board by *mandamus* to again consider it and audit the account; but where the board has once considered the whole claim upon its merits, and has in good faith exercised its judgment and rendered a decision as to the amount which should be allowed, a *mandamus* cannot thereafter issue to compel the board to again audit the account and allow the claimant a greater amount.   If the board of supervisors arbitrarily and unjustly cut down the

claimant's bill to suit their own notions, and refuse to allow him what he is fairly entitled to receive, he may have their decision corrected or reversed by the court in proceedings by *certiorari*, but not by *mandamus*. Code Civil Proc. § 2140; *People* v. *French*, 119 N. Y. 507, 23 N. E. Rep. 1061; *People* v. *Chapin*, 104 .N. Y. 100, 10 N. E. Rep. 141; *People* v. *Barnes*, 114 N. Y. 326, 20 N. E. Rep. 609, and 21 N. E. Rep. 739.

The learned counsel for the relator contends, however, that the board should have audited or passed upon each particular item of the relator's bill. That is undoubtedly the correct rule. A party who has a claim against the county is required to present to the board an itemized bill, properly verified, showing the nature and extent of the services rendered and the amount and kind of materials furnished. It is no more than just to the claimant that each item should be considered separately and passed upon by the board. This should be done in order to protect the claimant's legal and equitable rights. The board, therefore, should not be permitted to cut down the gross amount of a bill without regard to the validity or justice of the claim. While the court by *mandamus* will not assume to dictate to the board how much they must allow upon each item unless the amount is fixed by law or contract, yet it may require the board to act upon each item, and to arrive at its decision in a systematic and comprehensive way, so that the claimant may know what portion of his bill has been rejected or allowed; and, if proceedings are taken, to review their decision so that the court may see whether the items were properly rejected or not. *People* v. *Supervisors*, 45 N. Y. 196. In this case, if the relator had applied for a writ of *mandamus* promptly while the board that made the audit was in session, the court, in furtherance of justice, would no doubt have required the board to audit each item in the relator's bill, and to allow or disallow each item in whole or in part; but he waited until the claim was adjudicated, and the amount which the board allowed him was levied upon the taxable property of the county, and after it was collected he accepted it. Under these circumstances, and at this late day, the relator is estopped from questioning the regularity or validity of the proceedings of the board. If the relator was not satisfied with the amount allowed him, he ought not to have accepted the money; he should have at once pursued the remedy afforded him by law. If the amount audited did not fully compensate him for materials furnished and services rendered the county, he was under no legal obligation to accept it. He could have refused it, and instituted legal proceedings for the enforcement of his whole demand. He elected, however, to accept the amount offered, and he cannot now repudiate his choice. By accepting the amount tendered, he waived his right to further prosecute his claim. It is a sound rule of law that a party shall not be permitted to divide up and prosecute a claim in piece-meal; and it is a rule equally as well settled that a party cannot accept the benefit of a judgment and at the same time appeal from it. *Knapp* v. *Brown*, 45 N. Y. 209; *People* v. *Supervisors*, 33 Hun, 307; *People* v. *Supervisors*, 3 How. Pr. (N. S.) 242. The acts of the relator are conflicting and inconsistent, the one with the other, and upon principle or rules of law he is estopped from questioning the regularity or validity of the audit, and the application for a *mandamus* must be denied.