PEOPLE *ex rel.* O'RAU *v.* MACLEAN *et al.,* Police Commissioners.

(*Supreme Court, General Term, First Department.* March 31, 1892.)

DISMISSAL OF POLICE OFFICER.

The dismissal of a police officer from the force by the police commissioners, on a charge of misconduct while on patrol duty, cannot be sustained on review by *certiorari,* where the record shows that no evidence was given that such misconduct occurred while the officer was on patrol duty.

*Certiorari,* on the relation of Robert O'Rau, to review a decision of the board of police commissioners of the city of New York, dismissing him from the police force. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*Louis J. Grant,* for relator. *William H. Clark,* Corp. Counsel, (*W. A. Sweetser,* of counsel,) for respondents.

PATTERSON, J. The relator was dismissed from the police force of the city of New York upon conviction by the commissioners of the charge that on the 3d day of April, 1891, he was in a liquor store during his tour of patrol duty. This decision of the commissioners is brought before us for review on *certiorari.* The record certified to us contains what purports to be the whole proceedings in the inquiry before the commissioners, and from an inspection of that record it is plain that the testimony was utterly insufficient to convict the relator, in this: that there was not a word of proof to substantiate the most material part of the charge, viz., that it was while on a tour of patrol duty that the relator went into the liquor store. It seems to have been assumed that it was so, but we cannot act on that assumption, as there is not one word of proof concerning it, unless it may be that the roundsman followed the relator and another officer into the saloon, and found them there; but that does not show that either the relator or the roundsman was on duty, and we cannot be left to a simple inference as determinate of the matter. In a case precisely like this, it was held by this court, on appeal, (*People* v. *McLean,* 10 N. Y. Supp. 803,) that, where a patrolman was accused of sitting in a restaurant during his tour of duty, it was absolutely necessary to prove that he was on a tour of duty at the time, and for want of such proof the decision of the commissioners directing his dismissal was reversed. This case lacks that proof, as the record comes before us, and we can consider nothing but that record. There is only the charge of the police captain on the complaint of the roundsman, and, of course, that charge does not prove itself, although it does come up with the record. The previous career of this relator, as a member of the police force, may have been bad. He was not on trial for that, but for a specific offense, and whether, from inadvertence in the haste with which these proceedings before the police commissioners are conducted, the requisite proof was not supplied, we cannot say. It is enough that the requirements of the law were not complied with, and the proceedings of the commissioners must be reversed, and the relator restored to duty.

VAN BRUNT, P. J., concurs in result.   O'BRIEN, J., concurs.