trolman Morris, this relator, before the board of police commissioners, with neglect of duty and conduct unbecoming an officer, the specification being: "Said Patrolman Patrick T. Morris did, during his tour of patrol duty on the evening of October 21st, 1889, at 10.30 o'clock, leave his post and enter the liquor store of John Campbell, corner of Albany and West streets, and engage in an altercation with William F. Campbell, barkeeper, and drew a pistol on said Campbell and discharged the same, not in self-defense." A hearing was had, in the course of which Morris testified in his own behalf, and it resulted in a finding that the charges were true, and Morris was dismissed from the force. This court is asked on this proceeding to reverse the decision of the police commissioners. Whether the specifications were in all respects true may possibly be open to debate. But there was one incident of that occasion, about which there is no controversy whatever, which could have been added to the specifications without in any way weakening the force of the charge, namely, that William F. Campbell was killed by the discharge of the pistol by Morris. Patrick Rice, a bartender in the employ of John Campbell of No. 86 West street, testified that on the evening of October twenty-first, William F. Campbell, the dead man, was in the store; that about twenty minutes past ten, Officer Morris came into the store and asked witness for a whisk broom, which he used upon his coat, and went out; a few minutes later, he opened the door and beckoned him to come out, and he inquired: "'Who is that tall young man standing in front of the bar, with a white coat on?' 'I says: 'That is the boss' brother.' He says: 'He has got a revolver in his pocket.' * * * Officer Moody says to Morris: 'He has got a permit to carry it.' He (Morris) said: 'I don't care whether he has or not; I am going to take it off him.' And walking to Mr. Campbell he says: 'Young man, you got a revolver in your pocket.' He (Campbell) says: 'I have not.' 'What did you do with it?' he says, running his hand in his overcoat pocket. Campbell says: 'It is behind the bar.' So Mr. Campbell walks around behind the bar and took off his overcoat and undercoat and hat and picked up the revolver and held it behind his back, like this, and says: 'I am in my place, and I don't give a damn for you, although you are an officer.' Morris put his hand to his hip pocket and pulled out his revolver, and he says: 'You are not the only man that's got a revolver, and if you don't leave that down on the bar, I will shoot you dead.' He (Campbell) did leave the revolver down, and he (defendant) says: 'If you don't leave that there till I go around and take you out, I will shoot you dead,' walking around behind the bar. Mr. Campbell picked up his revolver and walked with it behind his back towards Morris. He (defendant) says: 'You leave that revolver down again; if you don't, I will shoot you dead.' Mr. Campbell left it back on the bar. He (defendant) ran and grabbed hold of Mr. Campbell with his right hand; he had the strings of his club around his hand, like this, and the club in his hand, and he told him again he would shoot him dead. Leaving him stand at the end of the bar, he walked in behind the bar. I picked up the revolver and laid it under the cigar case, where he first took it from. Morris went to end of the bar, where he left him in charge of Officer Moody, and he says: 'Where is that revolver?' Campbell made no answer. He walked behind the bar again, walked 24 or 25 feet behind the bar, picking up the revolver where I left it down, and walking to Mr. Campbell;

and about three feet from Campbell he raised it in his hand, like that, and fired at him. Q. He said nothing at the time he fired the revolver? A. I could not say he said anything. Q. He held his hand up like that? A. He held his hand up like that; pointing the revolver down." The relator's version of the transaction is somewhat different; he said: "I says to Moody: 'You stay there and I will get the pistol away from him.' I entered the liquor store and I says to Campbell: 'You better leave that pistol behind the bar, or give it to the bartender; you are not fit to carry a pistol.' He says: 'I have a permit to carry it.' I says: 'If you have a permit you should not abuse it as you did down street a few minutes ago.' He rushed behind the bar and took his two coats and hat off and took the pistol out of his overcoat pocket and put his hand on the bar and says: 'You get out,' pointing the pistol at me. I says: 'Don't point that pistol at me; you put that revolver down or I will shoot you.' Q. You said that? A. Yes. Then he put the revolver behind the bar and he came out from behind the bar and he took hold of my stick and tried to get it away from me. Moody seen him and me together and he jumped in. 'Officer Moody,' I says to Moody, 'You take hold and keep him there and I will get the pistol.' I walked behind the bar and took the pistol, and took it in that manner (holding hand out), and came out from the bar; I lifted the pistol in that manner; it was a self-cocking pistol, double-action pistol; and as I did, it struck on the bar and the pistol went off. Moody threw up his hands and I said: 'My God, Moody, it is an accident.' I thought Moody was shot. Then I see the man drop." Other witnesses gave their recollection of the occurrence. While they differ as to certain details, there was evidence adduced in support of every material allegation of the specifications. Indeed, there is no controversy about any of the allegations save one, for he did leave his post of duty; entered the liquor store of Campbell; engaged in an altercation with William F. Campbell; discharged a pistol, and did not do it in self-defense, for Campbell was at the moment under arrest by Officer Moody. The dispute arises over the specification that he drew the pistol on Campbell. Morris says that its discharge was an accident. It is not unlikely that that may have been so, but that he pointed it towards him, and intended to do so, there is no reasonable chance for doubt. His purpose may have been to impress the residents of this, to him, new precinct that he was a dangerous officer to trifle with. Whatever the purpose, the finding of the commissioners that he drew the pistol on Campbell, has sufficient evidence to support it. Within the rule of People ex rel. McAleer v. French (119 N. Y. 502), and People ex rel. Masterson v. French (110 id. 494), the action of the police commissioners must be sustained. The writ should be dismissed, with costs to the respondents. O'Brien, J., concurred.

Van Brunt, P. J.: I concur. It looks as though the relator was guilty of murder.

Lewis C. King, Respondent, v. John Townshend, Appellant, Impleaded, etc.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Tyndale Palmer, Respondent, v. Chicago Herald Company, Appellant.— Order affirmed, with ten dollars costs and disbursements on opinion in Palmer v. Chicago Evening Post Company. (See ante, p. 403.)

Gerard Beekman and Another, as Trustees, etc., Appellants, v. Susan Van Dolsen, as Executrix, etc., Respondent.— Judgment

affirmed, with costs on opinion on previous appeal.

Christian Jackle, Respondent. v. The Manhattan Railway Company and Another, Appellants.— Judgment affirmed, with costs. No opinion.

David Dusie, Jr., v. Aura H. Russell.— Motion granted, with ten dollars costs.

John W. de Peyster, Respondent, v. The Metropolitan Elevated Railway Company, Appellant. —Judgment reversed, new trial ordered, costs to appellant to abide event.— PER CURIAM : It is manifest upon examining the testimony contained in this record that the awards made upon the trial are largely excessive and not warranted by the proof. We have endeavored to ascertain if there could not be found some basis upon which a reduction of the amount awarded might be made and the judgment affirmed for that amount. But the evidence is of so unsatisfactory a character that we think the·only method by which a satisfactory conclusion can be arrived at is the granting of a new trial. The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event. Present— Van Brunt, P. J., O'Brien and Parker, JJ.

Matter of Ashbel P. Fitch.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Hattie E. Bucki, Respondent, v. Charles L. · Bucki, Appellant.— Judgment affirmed, with costs.— PARKER, J. : The trial court reached the conclusion that the substantial facts alleged in the complaint were proved on the trial. On a former appeal this court held that the allegations in the complaint, if supported by evidence on the trial, would entitle plaintiff to the judgment prayed for (70 Hun, 598). The question on this appeal, therefore, relates to the finding of fact made. Bearing that subject of inquiry in mind, we have attentively examined the evidence, with the result that we are persuaded that under the rules which should govern this court in reviewing determinations of fact the decision of the trial court must stand. The judgment should be affirmed, with costs. Follett, J., concurred. VAN BRUNT, P. J. (dissenting) : I cannot concur in the affirmance of the judgment in this action. It is apparent that much of the evidence in this case was made under the advice of counsel, and that acts of violence were eagerly looked for under such advice and gleefully welcomed. Even under these circumstances only one act of violence could be established, or was claimed, and many of the quarrels which were constantly taking place between these parties were the outcome of legal advice to the plaintiff. It is undoubtedly true that the defendant acted in many instances with great meanness, and

many of his acts were of a despicable character. But the plaintiff is very far from having been free from endeavoring to incite such performances upon the part of the defendant. Unless we are to add another ground of divorce to those contained in the statute, namely, that of incompatibility of temper, I can find no ground for a separation in the case at bar. Simply because two people will lead a cat and dog life together that fact does not seem to be recognized by the statutes as a ground for separation. Having made their bed they must lie upon it. I do not think it is the province of the court to indulge in judicial legislation to the extent which would be required by the granting of a decree in this case in order to enable the plaintiff to live at the expense of the defendant without the performance of any of those duties upon which his obligation to support her now depends. The judgment should be reversed and a new trial ordered.

Anna T. Kelly, Respondent, v. The Manhattan Railway Company, Appellant. —Judgment affirmed, with costs. No opinion.

George Ropes v. William Arnold. —Motion denied, with ten dollars costs. — PER CURIAM: A motion of a precisely similar character to the one now presented was made to the General Term when the case came up for argument in its regular order upon the calendar, and this court then held that it could not with propriety insert exceptions in a case upon its coming before it for argument, but that the case must be settled by the judge who tried the same and be by him ordered on file, and that this function, which by the General Rules of Practice was confided to the judge who tried the case, ought not to be performed by the General Term. No request to postpone was made by the appellant in order that he might make an application to the judge who tried the case, but the appeal was argued, and after its decision by the General Term this application is renewed. We think it is apparent that for the reason stated upon the previous application, it must now be denied. Motion denied, with ten dollars costs. Present— Van Brunt, P. J., Follett and Parker, JJ.

Charlotte E. Courtney, Appellant, v. Charles J. Buchanan and Another, Respondents. — Order affirmed, with ten dollars costs and disbursements. No opinion.

Solomon Bachrach and Others, Appellants, v. Rachel Levy, Impleaded, Respondent.— Order affirmed, with ten dollars costs and disbursements, and with leave to answer application as matter of favor, to be relieved from judgment as inadvertently entered. No opinion.

George F. Britton, Appellant, v. Kate C. Henderson, Respondent. — Order affirmed, with ten dollars costs and disbursements. No opinion.

## SECOND DEPARTMENT, MARCH TERM, 1895.

In the Matter of the Petition of Michael Baiseley to have the Election for the Incorporation of a Certain Territory in the Town of Jamaica as a Village Declared Illegal, etc.— Order affirmed on the opinion of the county judge. Brown, P. J., and Dykman, J., concurred; Cullen, J., not sitting.

In the Matter of the Estate of Salome Huber, Deceased.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Leo Pranger and Kate Bunyan v. John R. Kuhn.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Henry B. Jenkins and Another v. Gilbert Hall and Others.— Order affirmed, with ten dollars costs and disbursements.— DYKMAN, J.: This is an appeal from an order of the City Court of Mount Vernon allowing an amendment to the complaint in this action by alleging the defendant Gilbert