BARRETT, J.
The respondents, in their return, specifically state that, after the relator’s trial had ended, they considered his record upon the question of guilt. It was upon “due consideration” (so they say) of this record, in connection with the testimony, that they determined that he “was guilty as charged.” This was clearly erroneous. People ex rel. McAleer v. French, 119 N. Y. 505; 30 St. Rep. 72; People ex rel. Roe v. MacLean, 57 Hun, 141; 32 St. Rep. 831 The record was not introduced upon the trial, and the accused had no’ opportunity of explaining it. It was read and considered in his absence and without his knowledge; and certainly it was highly prejudicial, for there was a close question of veracity between the relator, the relator’s witnesses, and the complaining witness. It may well' be that, notwithstanding the numerical preponderance of testimony upon the relator’s side, this record turned the scale. If the record should be treated as the knowledge of the commissioners, in that it is part of. the records of the department, still it was improperly considered, for, as was *114 said in People v. French, supra, “they may neither act upon their own knowledge nor supplement the evidence with their Own knowledge."
The proceedings had should be annulled, and the relator reinstated, with $50 costs and disbursements.
All concur.