(19 App. Div. 253.)

### PEOPLE ex rel. TUCKER v. ROOSEVELT et al.

(Supreme Court, Appellate Division, First Department.   June 25, 1897.)

POLICEMAN—DISCHARGE—REINSTATEMENT.

When a police officer is charged with intoxication, and the evidence against him consists of certain symptoms, observed by a police surgeon who has examined him, and the inferences drawn by the surgeon from such symptoms, but it is made to appear that the appearances relied on to establish intoxication arose from other conditions, constituting no offense, the defendant is entitled to an acquittal, and, if removed, to reinstatement.

Certiorari by the people, on relation of James P. Tucker, against Theodore Roosevelt and others, police commissioners, to review a decision of respondents dismissing relator from the police force.   Reversed.

Argued before RUMSEY, PATTERSON, WILLIAMS, INGRAHAM, and PARKER, JJ.

Joseph Rosenzweig, for relator.
Terence Farley, for respondents.

RUMSEY, J.   The relator was dismissed from the police force on the 24th of March, 1897, upon the charge of conduct unbecoming an officer.   The specification under that charge was that the relator having reported sick on the 17th of February, 1897, was found on the 20th of February, 1897, and on the 21st of February, 1897, by the police surgeon, so much under the influence of alcohol as to be unfitted for police duty.   Rule 151 of the rules and regulations of the police force provide that whenever any member of the force is absent on account of sickness which is feigned or simulated, or when it arises from excessive indulgence of appetite or other bad habits, he shall be liable to charges of conduct unbecoming an officer, and may be tried, convicted, and dismissed from the force, or otherwise punished.   There is a very serious question whether the specifications under this charge are sufficient to bring it within any of the provisions of rule 151.   But, passing that point, it is necessary to examine whether the testimony warranted the respondents in finding that the specification upon which the charge was based was true as a matter of fact.   The evidence to sustain it was only that of the police surgeon, who reported that on Saturday, the 20th of February, he visited the relator at his house, and found him sick; that he went through the usual examination; that his face was flushed, his eyes bright, his walk unsteady, his pulse full and very feverish and very quick, and his breath sour, as if he had partaken of wine or brandy; that he charged him with being under the influence of alcohol, and incapable of doing duty; and that on the next day he visited him again, and found substantially the same conditions.   From these facts, the surgeon concluded that the relator was intoxicated, and reported accordingly to the proper person, and caused charges to be preferred against him.   On the part of the relator, it was made to appear that on Wednesday, the 17th of February, at noon, he felt himself unable to remain upon

duty, and reported sick; that he went that day to the surgeon, but did not find him, and on the next day he consulted his own family physician. The latter testifies that he advised the relator that he had gastritis, or inflammation of the stomach; that at that time there were no signs of alcohol upon him; that he was attempting to vomit, and the witness advised him to eat ice broken in champagne, and to drink small quantities of the champagne from time to time, in teaspoonfuls. This he did on the 19th and 20th, and this was the only alcohol or alcoholic liquor which it appears he had partaken of up to the time when he was visited by the surgeon Dr. McGovern, on the 20th. There was considerable evidence given as to the relator's condition on the 17th and 18th, when he reported sick, and it is practically uncontradicted that he was not on either of those days under the influence of liquor; but it is clearly established that he was in fact a sick man. That he was quite sick on the 18th is established by his own family physician; and that condition evidently continued down to the 21st, when Dr. McGovern says he found him exceedingly sick, and in bed. There is no evidence whatever that he had partaken of any liquor except the champagne, which had been prescribed by Dr. Sylvester, his family physician; and it is in evidence, and not contradicted, that this champagne, small though the quantity was, might have been sufficient to produce the smell of liquor which Dr. McGovern found upon him, while his gastritis was sufficient to produce the other symptoms of feverishness described by Dr. McGovern. The evidence that he was under the influence of liquor depends solely upon the inferences which Dr. McGovern drew from what he saw on Saturday and Sunday. The facts testified to clearly show that those inferences were unfounded, and that the appearance of the relator was caused, not by intoxication, but by illness, and by the very small quantity of champagne taken by him in pursuance of the prescription of the physician.

These facts bring the case clearly within that of People v. French, 119 N. Y. 502, 23 N. E. 1061, which holds that, before a police officer can be dismissed from the force for intoxication, it must be shown that the intoxication was of such a character as to be an offense against the rules, and that it was conscious, voluntary, blamable, and in some way due to his fault. Usually, of course, the mere fact of intoxication establishes the offense, because ordinarily intoxication results from the voluntary act of the person who is in that condition. But when it is made to appear, as in this case, that the presumed intoxication was not such, but that the appearances relied upon to establish it arose from some other conditions, for which the relator was not responsible, and which did not constitute any offense, he should be acquitted of the charge against him so far as it is based upon the intoxication. In this case it is quite clear that there is an entire absence of evidence which would warrant the finding that the specifications were true, and therefore the charge was not established.

The proceedings of the commissioners should be annulled, and the relator reinstated, with costs. All concur.