PEOPLE ex rel. KELLY v. BAKER, Police Com'r.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

CERTIORARI (§ 68*)—REVIEW—CONSIDERATION OF EVIDENCE.

   In certiorari to review a determination of the respondent as police commissioner, dismissing the relator from the police department, the Supreme Court must look into the evidence, and, if there is a preponderance of the evidence against the determination of the commissioner, it has the same jurisdiction to reverse the determination that it has to set aside the verdict of a jury.

   [Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 180-182; Dec. Dig. § 68.*]

Certiorari, on relation of John Kelly, to review a determination of William F. Baker, as Police Commissioner of the City of New York, dismissing the relator from the Police Department of the City of New

York. Determination of the Commissioner, reversed, and relator reinstated.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Wm. Adams Robinson, for relator.

James D. Bell (Frank Julian Price, on the brief), for defendant.

RICH, J. The relator, who has served on the police force of the city of New York for over four years, has been found guilty of conduct unbecoming an officer, in having assaulted two boys, both under the age of 12 years, without cause, striking one three times in the face with his fist, and throwing the other violently to the ground, and dismissed from the force. The conviction was had upon the testimony of these two boys, which is contradictory, evasive, and improbable; indeed, it is so unsatisfactory that the conviction ought not to stand, and this is especially true when we take into consideration the evidence of the five disinterested citizens, who were eyewitnesses, and who corroborate the testimony of the relator himself.

The testimony so clearly establishes that the findings and determination of the respondent are against the weight of the evidence that it is not necessary to consider or to express our views upon the other questions presented by the learned counsel for the relator. As was said in People ex rel. McAleer v. French, 119 N. Y. 502, 507, 508, 23 N. E. 1061, 1062:

"It is a mistake to suppose that, if there is any evidence in the record brought to the Supreme Court by certiorari sustaining the determination of the commissioners, the court has no right to interfere therewith. * * * In all this class of cases, it is the duty of the Supreme Court, not only to inquire whether there is any competent proof tending to establish the guilt of the accused officer, but it must look into the evidence, and if it finds that there is a preponderance of evidence against the determination of the commissioners, then it has the same jurisdiction to reverse the determination that it has to set aside the verdict of a jury as against the weight of evidence."

The determination of the commissioner must be reversed and annulled, with $50 costs and disbursements, and the relator reinstated. All concur.