PEOPLE ex rel. BURKE v. WALDO, Police Commissioner.

(Supreme Court, Appellate Division, Second Department. June 5, 1914.)

1. MUNICIPAL CORPORATIONS (§ 185*)—REMOVAL OF POLICE OFFICER—REVIEW BY COURTS.

The determination of the police commissioner of the city of New York, in dismissing a detective sergeant from the police force for neglect of duty and conduct unbecoming an officer, could not be disturbed by the court on certiorari, when sustained by evidence which, if believed, was sufficient, especially where relator's testimony was discredited by his failure to disclose all the facts on prior investigations.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

2. MUNICIPAL CORPORATIONS (§ 185*)—REMOVAL OF POLICE OFFICER—REVIEW BY COURTS.

The Supreme Court has no jurisdiction to interfere with the determination of the police commissioner of the city of New York in dismissing a detective sergeant for permitting a person, whom it was his duty to arrest, to walk to the station house without taking him in custody, though the punishment was unnecessarily severe, in view of the fact that such person went voluntarily to the station and was tried, convicted, and punished.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Certiorari by the People, on the relation of James J. Burke, to review a determination of Rhinelander Waldo, as police commissioner of the city of New York, in dismissing relator, a detective sergeant, from the police force for neglect of duty and conduct unbecoming an officer. Determination of commissioner confirmed, and writ quashed.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

Harry Crone, of New York City, for relator.

James D. Bell, of Brooklyn (Frank Julian Price, of Brooklyn, on the brief), for respondent.

RICH, J. The charge and specifications, so far as material to this review, are that on Sunday, May 21, 1911, the relator failed to apprehend and take into custody (at his residence, 297 Avenue B, Manhattan) one John Horay, charged with the crime of grand larceny, and permitted him to walk to the station house without taking him into custody.

The conviction of the relator rests upon conflicting and irreconcilable testimony, involving in its determination the credibility of the several witnesses and the weight to be given their testimony. Either the relator, or the witnesses testifying against him, committed perjury in giving their testimony upon the hearing.

[1] The rule which in my judgment applies to the disposition of this writ, is stated in People ex rel. Hogan v. French, 119 N. Y. 493, 23 N. E. 1058, and is that where there is any evidence of the offense charged, or the facts admit any inference of guilt, the courts should follow the conclusion of the commissioner, in view of his peculiar responsibilities and his greater opportunity of arriving accurately at the truth. The evidence in the case at bar is sufficient to sustain a finding for or against the relator as the evidence for or against him is believed and determined to be the truth of the transaction.

[2] While the punishment inflicted seems to be very harsh and unnecessarily severe, in view of the fact that the person whom the relator is charged with not having arrested went voluntarily to the police station, where he was arrested, tried, convicted, and punished, as I understand the law the extent of punishment rested entirely in the discretion of the commissioner, and this court has no jurisdiction to interfere therewith. People ex rel. McAleer v. French, 119 N. Y. 502, 507, 23 N. E. 1061.

Because of the severity of the punishment inflicted and the character of the witnesses testifying for the prosecution, I have made a careful study of the record to see if a conclusion that the conviction was against the weight of the evidence could not be sustained. If nothing appeared challenging the veracity of the relator, or warranting the commissioner or his trial deputy in discrediting his testimony, I should feel inclined to recommend a reversal and reinstatement upon this ground, but it is the undisputed fact, admitted by him when testifying upon the hearing (while he had sworn that on Sunday morning, May 21, 1911, preceding the arrest, he went to Horay's house, presumably for the purpose of arresting him, and was informed by Mrs.

Horay that her husband had gone to the station house, where he testified he followed and arrested him), that he did not in his testimony at the General Sessions, or in his statement made to a deputy police commissioner investigating the matter, make any mention of his having made such a visit, in addition to which he told the deputy, who was endeavoring to learn the facts, that he knew nothing of the case; that another officer (O'Brien) had it.

I recommend that the determination of the commissioner be confirmed and the writ quashed, without costs in this court to either party as against the other. All concur.