| 80   397|
| 18ap133|

THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER J. LANGAN v. HENRY I. HAYDEN, as Commissioner of Police and Excise of the Police Department of the City of Brooklyn.

*Brooklyn police — technical accuracy not required in charges against an officer thereof.*

Technical accuracy is not requisite in proceedings brought before the commissioner of police of the city of Brooklyn against a member of the police force thereof ; it is sufficient if the charge fairly apprises the accused of the offense with which he is charged.

The specification contained in a charge against a member of the police force of the city of Brooklyn, to the effect that the person charged was engaged in a fight with certain named persons, " during which he is accused of attempting to shoot George Myer," although technically defective, in not charging that the accused in fact attempted to shoot Myer, is sufficient in a proceeding before the police commissioner of such city.

CERTIORARI issued out of the Supreme Court, and attested on the 23d day of March, 1893, directed to Henry I. Hayden, as commissioner of police and excise of the police department of the city of Brooklyn, requiring the return of the rules and regulations of the police department of the city of Brooklyn, and of all proceedings, decisions and actions had and made in the matter of the removal of the relator from the police force, together with the record thereof.

The relator was charged with having engaged in a fight in a saloon and having drawn a pistol and attempted to shoot one George Myer.

*Baldwin F. Strauss,* for the relator.

*Jacob Brenner,* for the respondent.

CULLEN, J.:

This is a certiorari to review a decision of the respondent dismissing the relator from the police force of the city of Brooklyn for alleged misconduct.

We think there was no legal error committed on the trial of the relator. The second charge at least set out a substantial offense, to wit, that of being engaged in a fight with certain named per-

sons, "during which he is accused of attempting to shoot George Myer."

The criticism on this specification, that it does not charge that as a matter of fact the relator did attempt to shoot, but merely that he was accused of attempting to shoot, is technically well taken, and probably such an allegation in an indictment would be bad. But technical accuracy is not requisite in these proceedings. It is sufficient if the charge fairly apprises the relator of the offense of which he is accused. This the specification did. Though the report of the captain of the precinct made on an examination of the relator's alleged misconduct is attached to the charges, and found in the return, we cannot find that it was put in evidence on the trial. On the contrary, the captain was sworn as a witness on the trial and examined. No error was, therefore, committed in the receipt of evidence.

That the relator was engaged in a broil in the saloon in which the alleged offense was committed and drew his pistol, was undisputed. Whether the relator was the aggressor and at fault, or whether he acted in self-defense, was a question sharply contested, and the witnesses on one side flatly contradicted those on the other as to the details of the occurrence. To which set of witnesses credence was to be given depended largely on the appearance of the witnesses, and the manner of their testifying. The commissioner had the advantage of seeing and hearing the witnesses. We have not those means of judging of the credibility of their testimony and the evidence on its face shows no such clear preponderance as justifies our interference with the determination of the commissioner under the settled rule applicable to these cases. (*Barnard* v. *Gantz,* 140 N. Y. 249.)

The proceedings should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Order affirmed, with costs.