<hr/>

(5 App. Div. 523.)

PEOPLE ex rel. DELOUGHRY v. WELLES, Police Com'r.

(Supreme Court, Appellate Division, Second Department.   May 8, 1896.)

1. POLICE OFFICER—LEAVING POST—SUFFICIENCY OF EVIDENCE.
    Testimony of a roundsman that a police officer was found one block from his post, and that "the captain sent me with four men to cover two blocks. I placed one man on each block,"—was insufficient to sustain a charge against such policeman for leaving his post, where it was not shown that his beat was confined to one block, or that the roundsman ordered him to so confine it, and he testified that he had to cover two blocks, including the one on which he was found by the roundsman.

2. SAME.
    Evidence that a policeman was ordered to watch certain property, and that he was found 75 feet therefrom, will not sustain a charge for leaving

his post, where it appears that he went to such distance in following suspicious persons, and that, from the point where he was found, he could easily watch and protect the property.

Certiorari to Leonard R. Welles, as commissioner of police in the city of Brooklyn, to review proceedings resulting in the dismissal of Patrick Deloughry from the police force of said city. Decision annulled, and relator reinstated.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

James C. Cropsey, for relator.
Jacob Brenner, for respondent.

HATCH, J.  The relator was called upon to answer two written charges, with specifications attached, of violation of duty in connection with his office of patrolman of the police force of the city of Brooklyn.  The first of these charges was for violation of rule 12, § 5, of the rules adopted for the government of the police force of said city.  The specification was:

"That at the city of Brooklyn, on the 16th day of January, 1895, the said patrolman, Patrick Deloughry, violated rule 12, § 5, by leaving his post. The said patrolman was assigned to duty on 5th avenue from 12th to 13th streets, and he was found at about 12:30 p. m. on 5th avenue near 11th street."

The second charge was for violation of the same rule and section, and the specification reads:

"That at the city of Brooklyn, on the 17th day of January, 1895, the said patrolman, Patrick Deloughry, violated rule 12, § 5, by leaving his post. The said patrolman was assigned to duty at the 7th Avenue Railroad Depot, corner of 7th avenue and 20th street, and he was found at about 3:28 a. m. on 20th street near Sixth avenue."

Upon these charges the relator was tried, adjudged to be guilty by the commissioner, and was dismissed from the police force of said city.  The charges were not verified by the oath of any person, and they seem to be much more formidable in character than is the evidence adduced in their support.

Respecting the first charge, all the evidence of violation of duty is found in the testimony of Roundsman O'Conner, and consists of this:

"Q. This man left his post at Fifth avenue and Eleventh street? A. Yes, sir; I found him a block away from his post. The captain sent me with four men to cover two blocks. I placed one man on each block."

The officer was sworn, and testified:

"I want to say that I had two blocks to cover. The roundsman came out with four men. I did not understand him, and I kept on patrolling the two blocks."

There is no evidence whatever of any instructions having been given by the captain of the roundsman or any other person in authority as to the particular block or blocks the patrolman should patrol.  The statement of the roundsman is that the captain sent him with four men to cover two blocks, and that he placed one man on each block.  How he could place only one man on each block,

when he had four men, and but two blocks, is not exactly clear. But if, by some occult process, he did this, he nowhere states that the beat was limited to the one block, or that he gave any instructions to that effect. The officer states that he understood he should patrol two blocks, and did so. The roundsman was not called to say that he did not give such instructions, or that he gave any respecting the limits of the patrol. The captain was subsequently recalled, but he gave no testimony upon this point. The obligation rested upon the party charging dereliction of duty to establish it by proof, and, until that was done, the officer was not called upon to answer. We may not infer from the language, "I placed one man on each block," that, of necessity, he was limited in patrol to that block, in the absence of any proof that the roundsman gave such instruction, and especially where it appeared and was not disputed that the officer thought it his duty to patrol two blocks. People v. MacLean, 57 Hun, 141, 10 N. Y. Supp. 803. This charge and specification was, therefore, not sustained by legal proof.

Respecting the proof to sustain the second charge, it is meager and unsatisfactory. Sergt. McGovern testified that at 12 o'clock midnight the officer was assigned to watch the railroad property at Seventh avenue and Twentieth street. The sergeant reached the depot at 3:10, and at 3:28 found the officer coming down Twentieth street, from Eighth avenue, who stated to him that he followed two motormen up there. When the sergeant saw the officer, he was 75 feet from the property. Capt. Murphy testified that, when the officer was assigned to duty, he was told to be particular in his attention to that property. The patrolman, in his defense, testified that the depot which he was placed to protect extended nearly half a block; that he conceived it to be his duty to go around it; that there were some vacant lots on Eighth avenue, and he saw some parties go up Nineteenth street, went after them, crossed the lots, and came down on the other side. Capt. Murphy was recalled, and testified that the officer could not go round the property, on account of houses. It is quite evident from these statements that the duty of the officer was to protect the property,—watch it. That he could do this when at a distance of 75 feet from it is no strain upon the understanding. That he was required to watch its rear, as well as its front, was quite within a proper conception of his duty. If he saw suspicious characters near it, whom he might reasonably think meditated designs upon it, it was clearly within his duty to watch them, so far as to see that they did not approach the property from any side. The evidence fails to disclose that, at any point, where the officer was found, or where he claims to have been, some portion of the property was not within his view and subject to his inspection, or but that his position would have enabled him to have gone to its relief if any attack had been made upon it. Perhaps there is slight proof warranting a different inference. But this is not sufficient. The dereliction of duty upon the part of the officer must be proved before the officer can be dismissed. People v. French, 110 N. Y. 494, 18 N. E. 133. And, when the proof fails in this regard, the charge must fall with it. In the present case, the explanation offered by

the officer was consistent with the proper performance of his duty. And the proof given to sustain the charge did not go to the extent of convicting him of a violation of his duty, so far as to say that what he said in explanation was a mere palliation of an offense which had been established. We admit the rule which vests in the officer the determination of questions of guilt when the evidence is sufficient to call for the exercise of his judgment, and that such determination is binding upon us. But such rule is without application, unless the evidence be sufficient to warrant the finding. We think the evidence here is not of that substantial character which the law requires, and that, within the authority conferred by section 2140 of the Code of Civil Procedure, a case appears which requires that the conviction and judgment based thereon should be set aside. People v. Jourdan, 1 Civ. Proc. R. 337; People v. Welles, 88 Hun, 190, 34 N. Y. Supp. 412.

The determination should be annulled, and the relator restored to his office, with $50 costs. All concur.