(18 App. Div. 132.)

### PEOPLE ex rel. POWERS v. WELLES.

(Supreme Court, Appellate Division, Second Department. May 21, 1897.)

POLICEMEN—DISMISSAL—REVIEW ON CERTIORARI.

An objection that the specification of the charge on which a policeman was dismissed was too indefinite will not be considered, on certiorari to review the dismissal, where it was not raised at the trial before the police commissioners.

Certiorari by Philip J. Powers to review the action of Leonard R. Welles, as commissioner of police and excise, in removing relator from the police force of the city of Brooklyn. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James W. Ridgeway, for relator.

James C. Cropsey, for respondent.

CULLEN, J. The relator was charged with violating section 5 of rule 24 of the department. This rule prescribes:

"No member of the force shall, while on duty, or while off duty in the station house, or in any public house while in uniform, drink any kind of intoxicating or strong liquor. Nor shall they, except in the performance of police duty, enter any saloon or place in which any kind of intoxicating drink is sold or furnished. Nor shall any of the force be or become intoxicated while on duty, or in any public place."

The specification of the charge is as follows:

"That at the city of Brooklyn, on the 16th day of February, 1896, the said probationary patrolman, Philip J. Powers, violated rule 24, sec. 5, by being off post, and in side room of Stein's Liquor Saloon, foot 58th street, at 1:15 a. m., Sunday; it being his tour on patrol from midnight to six a. m., on that date."

To this charge the relator pleaded guilty. It appears that some six other policemen were charged with him with the same offense, and all pleaded guilty. They were represented by a lawyer, who asked that leniency be shown to them, as they had simply accepted an invitation of a friend to attend a wedding celebration.

The action of the commissioner is sought to be reversed, on the ground that the specification fails to allege that the relator was not present in the saloon in the performance of police duty. No objection was taken by the relator on his trial to the form or sufficiency of the specification. The case of People v. Board of Police Com'rs, 93 N. Y. 97, is therefore conclusive authority to the effect that the objection cannot prevail now. The general term of this department has held that "technical accuracy is not requisite in these proceedings; it is sufficient that the charge fairly apprises the relator of the offense of which he is accused." People v. Hayden, 80 Hun, 397, 30 N. Y. Supp. 332. It is not necessary that the charge against a policeman or fireman should have the technical accuracy of an indictment, or the trial proceed with the same formality as a criminal prosecution. The proceedings are not criminal. Of late years, a number of subordinate public officers and public employés have been given a tenure of position during good behavior, and have been secured from removal except for cause, after a hearing. This has added greatly to the efficiency of the public service, as well as to the personal advantage of the officers and employés, and the tendency on the whole is to increase the classes as to which this rule prevails. But it would be an unmixed misfortune to apply the rule that prevails in criminal prosecutions to proceedings to discipline public officers or employés. If it were to become necessary to proceed against an incompetent or offending clerk or officer with the same accuracy of pleading, and subject to the same technical rules of evidence, which prevail on criminal trials, the principle of security of tenure could not be long maintained. It would be necessary that every head of a department should be a trained lawyer, and the major part of his time be spent in his duties as a judge or court, instead of the administrative functions of the department for the discharge of which it was created.

The determination of the commissioner is confirmed, with $10 costs and disbursements. All concur.