PEOPLE ex rel. EAGAN v. YORK et al.

(Supreme Court, Appellate Division, Second Department. July 9, 1900.)

1. MUNICIPAL CORPORATIONS—POLICEMEN—DISMISSAL—JUDGMENT—VALIDITY—
    SPECIFICATION OF CHARGE.
       Where relator was charged with having been absent from police duty without leave, and, after personal service of the complaint, charges, and a notice of examination, he pleaded guilty, a judgment of dismissal is not void for failure to specify whether he was dismissed on such charge or

others made against him, since a finding of guilt on one charge was sufficient to support the judgment.

2. SAME—PLEA OF GUILTY—DISMISSAL—EVIDENCE TO SUPPORT.

Where a policeman pleaded guilty to a charge of having been absent from duty without leave, in violation of the rules of the board of police commissioners, the objection that there was no evidence to support a judgment of dismissal was not well taken; no evidence being necessary.

3. SAME—TRIAL—QUARREL WITH COMMISSIONER—DISQUALIFICATION.

The fact that relator, while on trial for absence from duty without leave, engaged in a quarrel with one of the commissioners, did not disqualify such commissioner from sitting in the case, nor invalidate a judgment of dismissal for which he voted.

Certiorari by the people, on relation of Andrew C. Eagan, to review the proceedings of the board of police commissioners in dismissing relator from the police force. Proceedings affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

George H. Bruce, for relator.
William J. Carr, for respondents.

JENKS, J. Several charges were preferred against the relator. One, of March 28, 1898, is a violation of rule 27, that prescribes:

"No member of the force shall be guilty of any of the following offenses, and for a violation thereof, the commissioner may, in his discretion, punish the offender in the manner prescribed by law. * * * (7) Absence without leave."

The specification is:

"That at the borough of Brooklyn, commencing at ten o'clock p. m. on the twelfth day of March, 1898, the said patrolman, Andrew C. Eagan, was absent from duty without leave, and continued such absence until 11 o'clock a. m. on the fourteenth day of March, 1898. Time of absence, 37 hours. Witness: Sergeant John Mara; Sergeant Henry Metcalf."

The return shows a written admission "of due personal service" of the complaint, charges, specifications, and notice of examination on March 16, 1898, by the relator, and the following statement:

"I hereby admit the foregoing charge, as specified, and waive examination thereon."

The return further shows:

"March 22, 1898. Complaint against Andrew C. Eagan. Tried before Commissioner York. The defendant appears in person and by his counsel. The charge is read, and the defendant pleads guilty thereto. See testimony with complaint No. 1, tried same date. (Decision reserved.)"

The relator contends that the judgment of dismissal fails to show upon which charge relator was dismissed, and that such judgment, in the concrete, is insufficient to show what particular complaint moved the minds of the judges. The judgment of dismissal, after the formal recitals, reads:

"It is resolved in the matter of the trial of the charges against Patrolman Andrew C. Eagan, the said patrolman having been tried before Commissioner York on the charge of being absent without leave on the fourteenth day of March, 1898, for the time of 37 hours, and the determination of the said charges having been referred to the board for its decision, and the same having come on before the board, after due consideration thereof the board do ad-

judge the said defendant to be guilty of the said charges, and do convict him thereof. * * *"

Then follow decisions of conviction upon two other charges, and the judgment concludes:

"And the board do adjudge and determine that the said Patrolman Andrew C. Eagan, for the conviction of the charges above stated, be dismissed from the police force of the city of New York."

Independent of the other charges, here was a conviction of a serious offense against the discipline of the department, based upon a plea of guilty. We have held that in such proceedings the charge need not have the technical accuracy of an indictment, and that the trial need not show the formality of a criminal prosecution. People v. Welles, 18 App. Div. 132, 45 N. Y. Supp. 713. And for similar reasons it is not necessary that the judgment should have the exact accuracy of the record of a criminal court. I know of no rule or no reason that requires that there should be separate judgments upon each charge. The finding of guilt upon this one charge was sufficient to warrant punishment, irrespective of the other charges. The degree of punishment is not our concern. People v. French, 119 N. Y. 502, 23 N. E. 1061.

But the relator contends that there was no evidence to warrant a dismissal upon this charge. There is no need of evidence where there is a plea of guilt. This is not a criminal proceeding. People v. Welles, supra. And, even in a criminal proceeding, conviction follows upon such a plea, unless the punishment may be death. Section 332, Code Cr. Proc. See, too, People v. Board of Trustees of New York & Brooklyn Bridge (Sup.) 7 N. Y. Supp. 806. The statement of the return, "See testimony with complaint No. 1," was not necessary to supplement the force of the plea, and cannot palliate it. The reference, however, points to admissions, in open court, of the absence upon which this charge is based. The relator's plea of guilt is isolated from explanation or from excuse. People v. Martin, 152 N. Y. 311, 46 N. E. 484, is not in point. There the notice of trial was defective in form and insufficient in service. The request for an adjournment was disregarded, and the relator was sworn, and thereupon said he was guilty. The court held that there was no right to put the relator on trial, and that, as he was not represented by counsel, was ignorant of his rights, and his confession made under oath was not voluntary, it could not be considered, and, in fact, was not considered, as a plea. Here, there was due notice, properly served, with personal service admitted under the relator's hand, an appearance for trial attended by counsel, and a plea of guilty entered upon the record after a reading of the charge.

The relator also urges that he did not have a fair trial because of the interest and prejudice of one of the commissioners who sat in judgment. Specifications of one of the charges were that relator, in the presence of the said commissioner, was disrespectful in word and in manner to Sergeant Thomas M. Hughes, and that he was grossly impertinent to the commissioner. The learned counsel for relator states in his brief that the commissioner was the actual complainant; but his statement is not made good by the record, which

further shows that the complainant is the captain of the precinct, and the witnesses named are three officers of the force. The cases cited by the appellant are not in point. In People v. Roosevelt, 23 App. Div. 533, 48 N. Y. Supp. 578, the relator was tried upon a charge that directly concerned one of the commissioners who was called to contradict the relator upon the trial, and yet such commissioner also sat in judgment; and in that case the court recognizes the principle that, of necessity, a witness sometimes may or must act judicially, and notices the discussion of that principle in Re Ryers, 72 N. Y. 1, and in People v. Dohring, 59 N. Y. 374. People v. Board of Police Com'rs of New York City, 84 Hun, 86, 32 N. Y. Supp. 18, so far as the subject under discussion is concerned, seems to be authority that a commissioner could not properly sit in judgment if it were shown that he had a direct interest in the controversy in "a disqualifying sense," or was prohibited by statutory disability, and therefore has no application here. In People v. Welles, 5 App. Div. 523, 39 N. Y. Supp. 50, the relator did not plead guilty, but stood his trial, and gave an explanation that the court held consistent with the proper discharge of his duty. It is not necessary to look further in order to sustain a judgment of the police board that violates no rule of law and disregards no rights of the relator.

The proceedings should be confirmed, with costs. All concur.