PEOPLE ex rel. CARNEY v. SCANNELL. Fire Com'r.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. FIREMAN—DISMISSAL—APPROVAL BY COMMISSIONER.
    Order dismissing relator from fire department, made September 17th, recited, "To take effect from 8 o'clock a. m. September 18th." The record at headquarters, dated September 17th, contained a like recital. The records from the office of the commissioner, dated September 17th, recited, "Recommendation approved," etc. The letter from the deputy commissioner before whom the trial took place, to the commissioner, which recommended his discharge, was dated September 18th. Held, that the letter did not show that relator was dismissed before the decision was approved by the commissioner, it probably being misdated.

2. SAME—JUDGMENT—ACCURACY.
    Judgment dismissing a fireman need not have the exact accuracy of a record of a criminal court.

3. SAME—PARTIES ENTITLED TO TESTIFY.
    The one making the charges against a fireman could testify against him on the trial, though his name was not given as one of the witnesses.

4. SAME—WAIVER OF OBJECTIONS.
    Objection that a party could not testify against a fireman, because his name was not given as one of the witnesses, was waived, where not made when he is called.

Certiorari by the people, on the relation of Peter B. Carney, against John J. Scannell, as commissioner of the fire department of the city of New York, to review relator's dismissal from the department. Writ dismissed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Michael F. O'Brien, for relator.

James McKeen (Walter S. Brewster, on the brief), for defendant.

WOODWARD, J. The relator was appointed a member of the fire department of the city of Brooklyn on the 5th day of May, 1886, and by virtue of chapter 378 of the Laws of 1897 he became a member of the fire department of the city of New York. On the 21st day of August, 1901, he was placed on trial before Deputy Commissioner Tully upon three separate charges, and on the 17th day of

September following he was dismissed from the service by an order which recites that:

"Peter B. Carney, Engine Company No. 124, Boroughs of Brooklyn and Queens, having been found guilty of the charges preferred against him, is hereby dismissed the service of this department, to take effect from 8 o'clock a. m., September 18th, 1901."

The record at the headquarters of the fire department, bearing date September 17, 1901, recites that:

"The deputy fire commissioner submitted a report of the result of the trial of charges preferred against Fireman 1st Grade Peter B. Carney, engine 124, of 'being under the influence of liquor, drug or compound,' 'disrespect to superior officer,' and 'conduct prejudicial to good order,' together with testimony taken August 21st, 1901. Ordered, that Fireman 1st Grade Peter B. Carney, engine 124, * * * be dismissed the service of the department, to take effect from 8 o'clock a. m. 18th instant."

It is urged that the relator was dismissed from the service without having been adjudged guilty of any of the charges, and before the decision could possibly have been approved by the fire commissioner as required by law. This contention is based upon a letter which bears date September 18, 1901, in which James H. Tully, the deputy commissioner before whom the trial of the relator took place, says:

"You will also find herewith charges against Fireman First Grade Peter B. Carney, of engine company No. 124, together with the testimony taken at the trial of same August 21. After careful consideration of the testimony, I am convinced that Fireman Carney assaulted his commanding officer, as charged, and is not a fit man to remain in service. I would therefore recommend that he be dismissed from the department."

But the records of the fire department, from the office of the fire commissioner, bearing date September 17, 1901, signed by the secretary, recite:

"Recommendation approved, and ordered that Fireman Peter B. Carney and Engineer of Steamer Alfred J. Stuart be dismissed the service from 8 a. m., 18th instant."

It would be a very simple matter for a letter to be misdated; it would be much more probable than that the official records should be at fault; and, after reading the evidence in this proceeding, we are fully of opinion that the conclusion reached by the deputy commissioner, and ratified by the commissioner, was justified. There is no question that the relator had full notice of the charges against him and of the trial; he appeared personally and examined the witnesses, including Patrick Lahey, who made the charges and signed the same; and, while the evidence might not be sufficient to convict of a criminal offense, the evident reluctance of the witnesses to testify, and the excuses which they gave for not being able to testify as to matters passing before their eyes, in connection with the positive evidence of Patrick Lahey, warranted the conclusion that the relator had assaulted a superior officer, and that his conduct was not calculated to support the discipline and good order of the department. It has been repeatedly held by this court that it is not necessary that charges against a policeman or fireman should have the technical accuracy of an indictment, or the trial proceed with the same formality as a criminal prosecution. People ex rel. Powers v. Welles,

18 App. Div. 132, 45 N. Y. Supp. 713; People ex rel. Eagan v. York, 53 App. Div. 336, 65 N. Y. Supp. 696. And for similar reasons it is not necessary that the judgment should have the exact accuracy of a record of a criminal court. People ex rel. Eagan v. York, supra. All that is required is that the relator be given notice of the hearing, be apprised of the witnesses who are to appear against him, and that he be given a reasonable opportunity to defend himself against the charges. If, having had these opportunities, he is dismissed from the service, and the evidence is such as would justify the dismissal, it is no part of the duty of this court to interfere in his behalf.

The suggestion that Patrick Lahey, the complainant, had no right to testify, because his name was not given as one of the witnesses, is without force. The intent of the provision was to give the defendant notice of those who were to appear against him, and as the complainant was obliged to sign his charges, and was, of necessity, the principal witness—the charges all relating to matters in which Lahey was personally involved—it would be a mere idle ceremony, in so far as this relator is concerned, at least, to require him to give his name as a witness. The names of the witnesses, aside from the principal, were given, and the relator examined Lahey before the deputy commissioner without making any suggestion that the latter was not a proper witness, so that, even had the suggestion merit, it must be deemed to have been waived.

The writ of certiorari should be dismissed, with costs. All concur.