THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER B. CARNEY, Relator, v. JOHN J. SCANNELL, as Commissioner of the Fire Department of the City of New York, Respondent.

*Dismissal of a member of the New York fire department — not set aside because the date of dismissal is earlier than that of its recommendation — charges need not be technically accurate — what is required — objection that the name of a witness for the prosecution was not given, when untenable — when waived.*

The dismissal of a member of the fire department of the city of New York, after a trial upon charges before a deputy fire commissioner, will not be set aside because the letter from such deputy fire commissioner to the fire commissioner recommending the dismissal of the accused fireman bears date September 18, 1901, while the record in the fire commissioner's office of the approval of such recommendation bears date September 17, 1901.

It is not necessary that the charges upon which the fireman was tried should have the technical accuracy of an indictment or that the trial should proceed with the same formality as a criminal prosecution, or that the record of his dismissal should have the exact accuracy of a record of a criminal court.

All that is required is that the fireman shall be given notice of the hearing, be apprised of the witnesses who are to appear against him, and be given a reasonable opportunity to defend himself against the charges.

The objection that the person who preferred the charges against the accused officer had no right to testify because his name was not given as one of the witnesses, is untenable where it appears that the charges were signed by such person and involved a transaction in which he was personally concerned.

Even if the objection were tenable the accused fireman waived the same by examining the complainant upon the trial, without making any suggestion that the latter was not a proper witness.

CERTIORARI issued out of the Supreme Court and attested on the 20th day of December, 1901, directed to John J. Scannell, as commissioner of the fire department of the city of New York, requiring him to certify and return to the office of the clerk of the county of Kings all and singular the proceedings had in dismissing the relator from the fire department of the city of New York.

*Michael F. O'Brien,* for the relator.

*James McKeen* [*Walter S. Brewster* with him on the brief], for the respondent.

WOODWARD, J. :

The relator was appointed a member of the fire department of the city of Brooklyn on the 5th day of May, 1886, and by virtue of section 722 of chapter 378 of the Laws of 1897 he became a member of the fire department of the city of New York. On the 21st day of August, 1901, he was placed on trial before Deputy Commissioner Tully upon three separate charges, and on the seventeenth day of September following he was dismissed from the service by an order which recites that " Peter B. Carney, Engine Company No. 124, Boroughs of Brooklyn and Queens, having been found guilty of the charges preferred against him, is hereby dismissed the service of this department, to take effect from 8 o'clock A. M., September 18th, 1901." The record at the headquarters of the fire department, bearing date September 17, 1901, recites that " The Deputy Fire Com-

missioner submitted a report of the result of the trial of charges preferred against Fireman 1st grade Peter B. Carney, Engine 124, of ' being under the influence of liquor, drug or compound,' ' disrespect to superior officer' and ' conduct prejudicial to good order,' together with testimony taken August 21st, 1901. Ordered, that Fireman 1st grade Peter B. Carney, Engine 124   *   *   *   be dismissed the service of the Department, to take effect from 8 o'clock A. M., 18th instant."

It is urged that the relator was dismissed from the service without having been adjudged guilty of any of the charges and before the decision could possibly have been approved by the fire commissioner, as required by law (Laws of 1897, chap 378, § 739.) This contention is based upon a letter which bears date September 18, 1901, in which James H. Tully, the deputy commissioner before whom the trial of the relator took place, says: "You will also find herewith charges against Fireman first grade, Peter B. Carney, of Engine Company No. 124, together with the testimony taken at trial of same August 21st. After careful consideration of the testimony, I am convinced that Fireman Carney assaulted his commanding officer, as charged, and is not a fit man to remain in service. I would, therefore, recommend that he be dismissed from the department." But the records of the fire department, from the office of the fire commissioner, bearing date September 17, 1901, signed by the secretary, recite " Recommendation approved and ordered that Fireman John* B. Carney and Engineer Steamer Alfred J. Stuart be dismissed the service from 8 A. M., 18th instant." It would be a very simple matter for a letter to be misdated ; it would be much more probable than that the official records should be at fault, and, after reading the evidence in this proceeding, we are fully of opinion that the conclusion reached by the deputy commissioner, and ratified by the commissioner, was justified. There is no question that the relator had full notice of the charges against him and of the trial; he appeared personally and examined the witnesses, including Patrick Lahey, who made the charges and signed the same, and while the evidence might not be sufficient to convict of a criminal offense, the evident reluctance of the witnesses to testify, and the excuses which they gave for not

---

* *Sic.*

being able to testify as to matters passing before their eyes, in connection with the positive evidence of Patrick Lahey, warranted the conclusion that the relator had assaulted a superior officer, and that his conduct was not calculated to support the discipline and good order of the department. It has been repeatedly held by this court that it is not necessary that charges against a policeman or fireman should have the technical accuracy of an indictment, or the trial proceed with the same formality as a criminal prosecution (*People ex rel. Powers* v. *Welles*, 18 App. Div. 132; *People ex rel. Eagan* v. *York*, 53 id. 336), and for similar reasons it is not necessary that the judgment should have the exact accuracy of a record of a criminal court. (*People ex rel. Eagan* v. *York*, *supra*.) All that is required is that the relator be given notice of the hearing, be apprised of the witnesses who are to appear against him, and that he be given a reasonable opportunity to defend himself against the charges. If, having had these opportunities, he is dismissed from the service, and the evidence is such as would justify the dismissal, it is no part of the duty of this court to interfere in his behalf.

The suggestion that Patrick Lahey, the complainant, had no right to testify, because his name was not given as one of the witnesses, is without force. The intent of the provision was to give the defendant notice of those who were to appear against him, and as the complainant was obliged to sign his charges, and was, of necessity, the principal witness, the charges all relating to matters in which Lahey was personally involved, it would be a mere idle ceremony, in so far as this relator is concerned, at least, to require him to give his name as a witness. The names of the witnesses, aside from the principal, were given, and the relator examined Lahey before the deputy commissioner without making any suggestion that the latter was not a proper witness, so that, even had the suggestion merit, it must be deemed to have been waived.

The writ of certiorari should be dismissed, with costs.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Writ of certiorari dismissed, with costs.