PEOPLE ex rel. DE VRIES v. HAMILTON, County Clerk, et al.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. COUNTY CLERKS—ABSENCE FROM OFFICE—POWER OF DEPUTIES—REMOVAL OF SUBORDINATES.

Under section 163 of the county law (Laws 1892, p. 1780, c. 686, as amended by Laws 1896, p. 19, c. 48), which provides that the deputy clerk shall "perform all the duties of the clerk when the clerk shall be absent from his office or shall be incapable of performing the duties thereof," etc., a deputy clerk could, in the absence of the clerk, hear the charges against relator, an exempt fireman, occupying the position of docket comparing clerk in the clerk's office, and remove him if he found that the charges were sustained.

2. SAME—EXTENT OF POWER.

The deputy, having heard the testimony against relator, could not thereafter leave it to the county clerk to pass on its sufficiency in relator's absence, and without notice to him, but should have himself decided the case.

Laughlin, J., dissenting.

Certiorari by the people, on the relation of Maurice S. De Vries, against Thomas L. Hamilton, as county clerk of the county of New York, and Henry Berrell, as deputy clerk, to review the proceedings of the county clerk in removing relator from the position of docket comparing clerk. Determination annulled.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles Goldzier, for relator.

Terence Farley, for respondents.

HATCH, J. The relator is an exempt fireman, and therefore falls within the protection of the "Veteran Laws," so called, of the state. He held the position of docket comparing clerk in the office of the county clerk of New York county. On or about the 20th day of October, 1902, he was served with a copy of certain charges and specifications made against him by Thomas L. Hamilton, the county clerk of New York county, which specifications charged him with being intoxicated on the 4th, 5th, and 6th days of August, 1902, whereby he was wholly unfitted to perform the responsible duties of the position which he held, and that he absented himself from the office without leave from August 7 to August 18, 1902, both inclusive. As appears by the petition, thereafter and before a hearing was had upon the charges in accordance with the notice, Hamilton became sick, and unable to hear the same. Thereupon the proceedings were adjourned from time to time until the 12th day of November, 1902. Subsequent to such adjournment, and on the 17th day of that month, the relator was notified, through his attorney, that the proceeding would be adjourned until the 20th of the same month. On the last-named date the relator appeared at the time and place named in the notice, and found that the deputy and acting county clerk, Berrill, was to preside at the hearing in the absence of the county clerk. The relator objected to proceeding before him, but the objections were overruled, and the hearing proceeded. The proof offered in support of the charges and specifications was sufficient to support a finding sustaining the same. It was all taken before the deputy county clerk; and after the hearing was closed the evidence so taken was submitted to the county clerk, who examined the same in the absence of the relator, and without notice to him, or hearing had by him otherwise than through the acting county clerk. He found that the proofs sustained the charges, and made an order removing the relator from his position. It satisfactorily appears from the petition that at the time when the hearing was had before the deputy county clerk the clerk was ill, absent, and unable to perform the duties of his office.

Section 163 of the county law (Laws 1892, p. 1780, c. 686, as amended by chapter 48, p. 19, Laws 1896), provides as follows:

"Duties of Deputy.—Any such deputy may perform such duties of the clerk as may be assigned to him by the order of the clerk to be entered in his office, and shall also perform all the duties of the clerk when the clerk shall be absent from his office, or shall be incapable of performing the duties thereof, or when the office shall become vacant, until it shall be filled, except that of deciding upon the sufficiency of sureties, which duty shall devolve upon the county judge."

The language of this section is mandatory in directing that the deputy clerk shall perform the duties of the clerk when he shall be absent from his office, or shall be incapable of performing the duties thereof. There is no limitation upon this language, and for the time being the deputy is the county clerk, save in the one particular excepted in the statute, in the performance of every act devolved upon that officer. The provision in the act making a specific exception in deciding upon the sufficiency of sureties emphasizes the previous language, and shows a clear intent upon the

part of the Legislature to invest the deputy clerk with all. the powers and duties of the county clerk when the latter official is unable to act. It is evident, therefore, that the deputy clerk was authorized to conduct the trial; and, being so invested with authority, he could consider and determine whether the evidence sustained the charges, and, reaching a conclusion that the charges were sustained, remove the relator from the position which he held. We have no difficulty, therefore, in sustaining this proceeding so far as the authority of the deputy is concerned to take the proof and conduct the trial. The difficulty which the case presents lies in the fact that the deputy, having entered upon the trial, did not continue to perform the duties which had been devolved upon him to a conclusion. In hearing and determining upon the sufficiency of the proof in support of the charge, the deputy acted in a quasi judicial proceeding, and exercised judicial authority in reaching a conclusion, upon the weight of the testimony, the extent and character of the punishment which should be imposed. We are cited to no authority, except as will be hereafter noticed, nor have we found any, either statutory or otherwise, authorizing a deputy to perform the duties of his chief, take the proof offered upon the hearing, and then pass the proceeding over to the clerk to make the determination. The judgment which is pronounced in such case involves a determination upon the merits and the exercise of discretionary power thereon. The basis therefor is found to a large extent in the impressions produced upon the mind of the officer from the appearance and candor of the witnesses, and is common and material to all judicial proceedings. This has been held to be a prime factor in determining the weight of the testimony and in control of the punishment which ought to be inflicted. It is substantial in its nature, and courts have uniformly attached great weight thereto, making it a controlling element in their determination in many cases. In the orderly course of judicial procedure a trial may not be severed so that one functionary may take the proof and another make the determination. Such power has never been exercised, so far as we are aware, unless it was conferred by statutory enactment. The only authority in the present case is to invest the deputy with the powers of his superior officer in the latter's absence; and when he has once entered upon the performance of such duty, where, from the necessity of the case, it is essential that it continue to the end, and where the conclusion to be reached depends upon the impressions which the witnesses produce by their appearance and manner of giving testimony upon the trial, it would seem to follow that there can be no severance of the duties in making disposition of such a case; and, where the authority is imposed upon the officer, it continues and remains with him to the end, and he alone, in the absence of authority authorizing a different course, must continue to exercise the powers and make the final determination. So far as we are able to find, there is no statutory authority, and we know of none other, which authorized the deputy, acting as clerk, to take the testimony, conduct the trial, and leave it for the county clerk to subsequently pass upon the

sufficiency of the testimony in the absence of the relator, without notice to him or opportunity to be heard by him. Such a trial is irregular and unauthorized.

The respondent relies upon People ex rel. Flanagan v. Board of Police Commissioners, 93 N. Y. 97, People ex rel. Swift v. Same, 31 Hun, 40, People ex rel. Farrel v. Same, 20 Hun, 402, and other cases involving a similar question. These were all trials of policemen before the board of police commissioners, where the testimony was taken by one commissioner, reported to the board, who then considered the same in the presence of the person charged, and with an opportunity given him to be heard; and it was held that such proceedings were regular. The basis of such determination, however, was that by virtue of the provisions of section 41, c. 335, p. 496, Laws 1873, authority was conferred upon the board to make rules for the government and discipline of the police force, and that thereunder they had authority to make a rule that the testimony should be taken by one commissioner and be submitted to the board. These cases are without application to the present case, for the reason that there existed express statutory authority for the proceeding which obtained, and it was supported solely upon that ground. In the absence of any such authority, it is evident from the reasoning of the opinions that the procedure would have been irregular. The relator is entitled to have the officer who tries and makes determination receive the benefit not alone of the testimony of the witnesses, but of their appearance, bearing, and candor, and this applies to the relator himself as well as to others. Manifestly, the relator cannot have the benefit of such considerations where the person making the determination neither saw nor heard the witnesses.

It necessarily follows that the determination should be annulled, the relator restored to his position, and a new hearing had upon the charges before the county clerk, or, in his absence and inability to act, by his deputy. Fifty dollars costs and disbursements to the relator. All concur except LAUGHLIN, J., who dissents.

---

### In re TEITELBAUM.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. CRIMINAL CONTEMPT—SUMMARY PUNISHMENT.

> Under the direct provisions of Code Civ. Proc. § 10, a criminal contempt, committed in the immediate view and presence of the court, may be punished summarily.

2. SAME—WHAT CONSTITUTES.

