THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICK DOHERTY, Relator, *v.* JOHN N. PARTRIDGE, Police Commissioner of the City of New York, Respondent.

*Trial of a policeman — review of, by the Appellate Division — the trial may, in New York city, be before a deputy and the accused be sentenced by the commissioner.*

The Appellate Division will interfere with the result of a trial of a member of a municipal police force, before the police department of the municipality, only where it is counter to the evidence or the weight thereof, or in some obvious sense is obnoxious to the claims of justice.

The revised Greater New York charter (Laws of 1901, chap. 466) contemplates that a member of the police force of that city may be tried before a deputy police commissioner and be adjudged guilty by him and be sentenced by the police commissioner.

CERTIORARI issued out of the Supreme Court and attested on the 27th day of December, 1902, directed to John N. Partridge, police commissioner of the city of New York, requiring him to certify and return to the office of the clerk of the county of Kings all and singular his proceedings had in relation to the removal of the relator from the office of patrolman in the police department of said city.

*Ralph K. Jacobs,* for the relator.

*James McKeen* [ *Walter S. Brewster* with him on the brief], for the respondent.

HIRSCHBERG, J. :

The relator was tried and convicted before Frederick H. E. Ebstein, second deputy police commissioner of the city of New York, on the charge of conduct unbecoming an officer. The specification was to the effect that he committed a brutal assault upon the complainant while the latter was on duty as a Federal secret service agent, arrested him and made a false charge against him. The evidence was conflicting, but if the story of the complainant be believed, the relator not only needlessly and unjustifiably beat him with his club, but refused to examine credentials which were offered in support of the complainant's assertion that he was lawfully engaged at the time in the secret service of the government, and not in the commission of a felony. In departmental investigations of this character strict accuracy in all technical details is scarcely to be expected upon the trial, and the court should only interfere with the result where it is counter to the evidence or the weight of evidence, or in some obvious sense is obnoxious to the claims of justice. The deputy commissioner of police had the advantage of seeing and hearing the witnesses, as an aid in determining to whom to give credence, and there is nothing which justifies our interference with the conclusion reached by him. (*People ex rel. Langan* v. *Hayden,* 80 Hun, 397.)

The punishment to be inflicted was within the discretion of the police commissioner. It is unnecessary to consider whether or not the exercise of such discretion is the subject of judicial review, as it cannot be said to have been unwisely exercised in this instance. The relator had been convicted for improperly using his club on two previous occasions, and the determination that his retention on the force would be incompatible with the maintenance of proper discipline was clearly within the province of the commissioner.

The relator's counsel urges that a trial and an adjudication could not be had before the deputy commissioner, followed by sentence imposed by the commissioner. We held that such a course was contemplated by the provisions of sections 300 and 302 of the revised

Greater New York charter (Laws of 1901, chap. 466) in *People ex rel. Reardon* v. *Partridge* (86 App. Div. 310). In that case the decision in *People ex rel. De Vries* v. *Hamilton* (84 App. Div. 369), cited by the relator herein, was fully considered and found to have no direct application.

The determination should be affirmed, with costs.

GOODRICH, P. J., WOODWARD, JENKS and HOOKER, JJ., concurred.

Determination confirmed, with costs.