PEOPLE ex rel. DOHERTY v. PARTRIDGE, City Police Com'r.

(Supreme Court, Appellate Division, Second Department.    November 20, 1903.)

1. MUNICIPAL CORPORATIONS—TRIAL OF OFFICER—REVIEW.
    The determination of the police commissioner on trial of a police officer for improper conduct will not be disturbed, there being testimony which, if believed, supports it.

2. SAME—PENALTY.
    The punishment of dismissal from the force imposed on a policeman by the police commissioner on conviction of needlessly and unjustifiably beating one with a club, he having previously been convicted of improperly using his club on two occasions, is proper.

Certiorari on the relation of Patrick Doherty against John N. Partridge, police commissioner of the city of New York, to review his proceedings in dismissing relator from the office of patrolman of police in said city.    Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Ralph K. Jacobs, for relator.

James McKeen (Walter S. Brewster, on the brief), for respondent.

HIRSCHBERG, J.    The relator was tried and convicted before Frederick H. E. Ebstein, second deputy police commissioner of the city of New York, on the charge of conduct unbecoming an officer. The specification was to the effect that he committed a brutal assault upon the complainant while the latter was on duty as a federal secret service agent, arrested him, and made a false charge against him. The evidence was conflicting, but, if the story of the complainant be believed, the relator not only needlessly and unjustifiably beat him with his club, but refused to examine credentials which were offered in support of the complainant's assertion that he was lawfully engaged at the

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 504.

time in the secret service of the government, and not in the commission of a felony. In departmental investigations of this character strict accuracy in all technical details is scarcely to be expected upon the trial, and the court should only interfere with the result where it is counter to the evidence or the weight of evidence, or in some obvious sense is obnoxious to the claims of justice. The deputy commissioner of police had the advantage of seeing and hearing the witnesses as an aid in determining to whom to give credence, and there is nothing which justifies our interference with the conclusion reached by him. People ex rel. Langan v. Hayden, 80 Hun, 397, 30 N. Y. Supp. 332.

The punishment to be inflicted was within the discretion of the police commissioner. It is unnecessary to consider whether or not the exercise of such discretion is the subject of judicial review, as it cannot be said to have been unwisely exercised in this instance. The relator had been convicted for improperly using his club on two previous occasions, and the determination that his retention on the force would be incompatible with the maintenance of proper discipline was clearly within the province of the commissioner.

The relator's counsel urges that a trial and an adjudication could not be had before the deputy commissioner, followed by sentence imposed by the commissioner. We held that such a course was contemplated by the provisions of the Revised Greater New York Charter (Laws 1901, c. 466) in People ex rel. Reardon v. Partridge, 86 App. Div. 310, 83 N. Y. Supp. 705. In that case the decision in People ex rel. De Vries v. Hamilton, 84 App. Div. 369, 82 N. Y. Supp. 884, cited by the relator herein, was fully considered, and found to have no direct application.

The determination should be affirmed, with costs. All concur.