PEOPLE ex rel. DOWNES v. GREENE, Police Com'r.

(Supreme Court, Appellate Division, First Department. June 29, 1904.)

1. POLICE COMMISSIONER—TRIAL OF OFFICER—FINDING—CONCLUSIVENESS.
On certiorari the court, under the direct provisions of Code Civ. Proc. § 2140, will not interfere with a finding of the police commissioner of the city of New York on the trial of a member of the force for violation of duty, where, on all the evidence, there is not such a "preponderance of proof against the existence of the facts that the verdict of the jury affirming the existence thereof rendered in an action in the Supreme Court, triable by a jury, would be set aside by the court as against the weight of the evidence."

2. SAME—PUNISHMENT.
The punishment of a police officer for violation of duty, on a trial by the police commissioner and a finding of guilty, is a matter for the commissioner, with which the courts will not interfere.

3. SAME—ADJOURNMENT.
On the trial of a member of the police force of the city of New York by a police commissioner, the question whether an adjournment shall be granted is within the discretion of the commissioner.

4. SAME—ABSENCE OF WITNESS—ABUSE OF DISCRETION.
On the trial of a member of the police force of the city of New York before a police commissioner, the refusal to grant an adjournment on account of the absence of a material witness is not an abuse of discretion, where it is shown that several adjournments had been had, owing to the absence of the same witness, and there was testimony of a physician who had attended the absent witness to the effect that the illness of the witness was permanent, and that it would endanger his life to examine him either in court or at his residence.

O'Brien and Hatch, JJ., dissenting.

Certiorari by the people, on the relation of John H. Downes, against Francis V. Greene, as police commissioner of the city of New York, to review the dismissal of relator from the police force of the city. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry Hill Pierce and Phenix Ingraham, for relator.
Terence Farley, for respondent.

McLAUGHLIN, J. The relator, a member of the police force of the city of New York, was dismissed on the 14th of November, 1902, after a trial had before the police commissioner, and has obtained a writ of certiorari to review the proceeding. He was tried upon five charges: (1) Conduct unbecoming an officer; (2) conduct injurious to the public peace; (3) neglect and disobedience of orders and of the rules of the department; (4) making false reports; (5) aiding one Reilly in keeping a poolroom. The charges were supplemented by three specifications: (1) That from August 9th to September 2d, 1902, premises 314 East Eighty-First street, and 1409, 1556, and 1569 Third avenue, were occupied as poolrooms, and that the relator was assigned by the captain of the precinct in which such premises were located to secure evidence of violations of law at the places named, which he failed to do, but could have done by the exercise of due diligence; (2) that on or about August 27th he was assigned to investigate alleged violations of law at No. 1569 Third avenue, and reported to his superior officer that he had made such inspection, but could discover no evidence of violations of law therein, and that such report was false; (3) that he, knowing the premises located at 314 East Eighty-First street were conducted as a gambling house and poolroom, aided and abetted the operation of the same by securing admission of persons thereto in order that they might gamble therein. Copies of the charges and specifications were duly served upon the relator, together with a notice of the time and place where they would be investigated by the commissioner. At the time and place stated the relator appeared in person and by counsel, and a protracted trial was had, during the course of which the charges, in so far as they related to 1409 Third avenue, were withdrawn, but at the conclusion of the trial he was found guilty of the others, except as to making a false report.

After a careful consideration of this record, I am satisfied there is sufficient evidence to sustain the findings of the commissioner, and therefore his conclusion ought not to be disturbed. It certainly cannot be said, taking all of the evidence together, that there is such a preponderance of proof against the existence of the facts found that the verdict of a jury affirming the existence thereof in an action in the Supreme Court, if tried before a jury, would be set aside as against the weight of evidence. Code Civ. Proc. § 2140. And if this be true, then the court ought not to interfere.

The punishment seems severe, but that was a matter for the commissioner, and not for this court. People ex rel. McAleer v. French, 119 N. Y. 502, 23 N. E. 1058; People ex rel. Eagan v. York, 53 App. Div. 336, 65 N. Y. Supp. 696. In a police force as large as the one in the city of New York, it is of the utmost importance that discipline be maintained; and where a member thereof has been satisfactorily proven guilty of a violation of the rules of the department, or of a willful neglect to perform duties assigned, the punishment to be inflicted ought to

be left to the discretion of the police commissioner. Efficiency of the force, as well as respect and obedience of orders, not only requires, but demands it.

It would serve no useful purpose to here review the evidence bearing upon the charges of which the relator was found guilty. It is sufficient to say upon this subject that a majority of the court, after a very careful consideration of the record, have reached the conclusion that the evidence was sufficient to justify the commissioner's findings. But it is suggested that the commissioner erred because he did not adjourn the hearing to enable the relator to procure the attendance of Capt. Creeden, an alleged material witness, for which reason his findings should be set aside and the relator reinstated. The fact that Capt. Creeden's testimony was material to the defense of the relator was not satisfactorily established, but, even assuming it was, the commissioner did not err in refusing to adjourn. The trial was begun on the 15th of September, and on October 1st, after several hearings had been had, the relator's counsel announced that all the testimony on behalf of the relator had been presented, except that of Capt. Creeden, who was sick, but was believed he would be able to be present at the next hearing if an adjournment were taken. The proceeding was thereupon adjourned until October 10th, on which day Mr. Wise, associated in business with Mr. McIntyre, relator's counsel, appeared and asked for a postponement on the ground that Mr. McIntyre had that morning been compelled to go into the trial of a case in the Supreme Court, which would last one week, and that Capt. Creeden was still ill and unable to attend. The request to postpone was denied, and the trial proceeded, Mr. Wise cross-examining on behalf of the relator the witnesses examined; and the way in which such cross-examination was conducted, and objections were made to questions put, indicates that he was entirely familiar with the proceeding, and competent to look after the relator's interests. At the conclusion of this hearing the proceeding was adjourned to October 17th, when Mr. Wise again appeared for the relator, and asked for a further adjournment on the ground of the continued engagement of Mr. McIntyre, and the continued illness of Capt. Creeden. Bearing upon the condition of Capt. Creeden, a police surgeon was sworn, who testified that Capt. Creeden's condition was such that it would endanger his life to examine him either in court or at his residence, and he believed his condition was permanent, and likely to grow worse. The commisioner then stated that to wait until Capt. Creeden might be able to testify seemed likely to prolong the hearing indefinitely; nevertheless he would grant the application, and adjourn the proceeding until the 24th of October, at which time the hearing would be closed. On the 24th of October Mr. Wise again appeared, and asked for a further adjournment on the ground that Mr. McIntyre was then engaged in the trial of an action in the Supreme Court, and also on the ground that Capt. Creeden was still ill and unable to be present. The commissioner denied the application, declared the hearing closed, and gave counsel a week in which to file briefs. The foregoing facts would seem to establish quite conclusively that the commissioner did not err in refusing to grant the adjournment. Much indulgence had been shown the relator by way of adjournments, and sufficient opportunity had been

given to enable him to procure the attendance of witnesses, if they could be procured; but, if not, that was no reason why the trial should be indefinitely postponed. The uncontradicted testimony of the police surgeon was that Capt. Creeden was not only ill, and his condition such that he could not be examined, but that the disease from which he was suffering was permanent, and he was likely to grow worse. I know of no rule applicable to the trial of either a civil or criminal case which would have made it error to refuse, under such circumstances, to adjourn, and certainly trials before a police commissioner are not more strict in methods of procedure. Whether an adjournment should have been granted or refused rested in the discretion of the commissioner, and it cannot be said that he abused it.

I think the relator had a fair trial, and the evidence justified the commissioner's findings of guilt, and for that reason he was properly dismissed from the force. The writ, therefore, should be quashed, and the proceedings affirmed, with $50 costs. All concur except O'BRIEN and HATCH, JJ., who dissent.