# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

# DISTRICT OF COLUMBIA.

## RUDOLPH v. CREAMER.

CERTIORARI; POLICE; EVIDENCE.

1. A writ of certiorari should never be granted except when required to effect substantial justice, nor in any case to give effect to mere technical objections, or to allow a party to avail himself of mere irregularities in the proceedings complained of. (Citing *District of Columbia* v. *Burgdorf*, 6 App. D. C. 471; *District of Columbia* v. *Brooke*, 29 App. D. C. 563.)

2. Written charges against a member of the police force are sufficient if the nature of the dereliction complained of is pointed out with sufficient clearness and accuracy to enable the accused to prepare his defense.

3. An error in stating the particular section of the Police Manual supposed to have been violated by the conduct of a police officer against whom charges are made, and which might have been corrected if urged before the trial board, will be disregarded on appeal.

4. A member of the police force upon being discovered, while on duty, in a private garage by a superior officer, to whom he states that he is there on police business, is not entitled to refuse, on the ground

Vol. XXXIX.—1.

that he would in effect be testifying against himself, to state the nature of that business.

No. 2384. Submitted April 22, 1912. Decided May 6, 1912.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, quashing the finding and sentence of the Police Trial Board of the District of Columbia, and the affirmance thereof on appeal by the Commissioners of the District of Columbia, whereby the appellee was removed from the police force. *Reversed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment in the supreme court of the District in a certiorari proceeding quashing the finding and sentence of the police trial board of the District of Columbia, and the affirmance of said finding and sentence by the Commissioners of the District, by which finding and sentence the appellee, Creamer, was removed from the police force.

On August 3, 1911, the major and superintendent of police filed four charges against Mr. Creamer, a private of the police force. These charges all grew out of the discovery of Creamer, while on duty, in a private garage, by a police sergeant, who asked Creamer why he was there. To this question Creamer replied that he was there on police business, and when asked by the sergeant the nature of that business he declined to answer, saying that he would inform the trial board. Thereupon the sergeant called up the acting lieutenant in charge of the precinct, who immediately repaired to the place where the sergeant and Creamer then were. The lieutenant, after being informed of the circumstances under which Creamer had been discovered in the garage, asked him if it were true that he was in the place on police business. Upon being answered in the affirmative, the lieutenant asked the nature of the business, to which Creamer replied: "I will tell that to the trial board." The lieutenant then reminded Creamer that, being "in charge of the precinct, it was his duty to tell me of any

police business that had taken him to the place, and if he was there for any other reason, he did not have to make a statement." Again Creamer declined to answer. After due notice a trial was had before the police board, at which Creamer appeared in person and by counsel. Witnesses were introduced for both the prosecution and defense. No objection was raised by Creamer, either as to the form or sufficiency of the complaint. The finding of the board was not guilty as to the first, second, and third charges, and guilty as to the fourth, with a sentence of dismissal. The fourth charge is as follows:

"Charge IV. Failing to obey the orders of his superior officers, in violation of sec. 142 of the manual governing the metropolitan police force.

"Specification 1. That the private aforesaid, on the date and at or about the hour aforesaid, when directed by his superior officer, Sergeant T. R. Bean, to inform him as to the nature of his business in the premises aforesaid, did refuse to do so.

"Specification 2. That the private aforesaid, on the date aforesaid and at or about the hour of 7:52 o'clock, P. M., when directed by his superior officer, Acting Lieutenant J. H. Lutton, to inform him as to the nature of his business in the premises aforesaid, did refuse to do so."

Thereupon an appeal was taken to the Commissioners and a hearing had before them, which resulted in an affirmance of the finding and sentence of the trial board.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. James Francis Smith,* Assistant, for the appellants:

1. The appellee was removed after conviction, upon written charges, as provided by law, and after full hearing in his presence.

2. No objection was made to the charges at the trial, and an objection of that kind is too late on appeal. *Joyce* v. *Chicago,* 216 Ill. 471, 75 N. E. 184; *State ex rel. Niggle* v. *Kirkwood,* 15 Wash. 298, 46 Pac. 331; *People ex rel. Powers* v. *Welles,* 18 App. Div. 132, 45 N. Y. Supp. 713; *People ex rel.*

*Carney* v. *Scannell,* 80 App. Div. 322; *Rockford* v. *Compton,* 115 Ill. App. 406; *State, Devault, Prosecutor,* v. *Camden,* 48 N. J. L. 433, 5 Atl. 451; *State, Ayers, Prosecutor,* v. *Newark,* 49 N. J. L. 170, 6 Atl. 659; *Reilley* v. *Jersey City,* 64 N. J. L. 508, 45 Atl. 778; Dill. Mun. Corp. 5th ed. § 482.

3. The contention is that by reason of the fact that charge 4, namely, "Failing to obey the orders of his superior officer in violation of § 142 of the manual governing the metropolitan police force," misstates the section of the manual applicable to the case of this petitioner, he being a private officer, while § 142 relates to lieutenants of the police force, his conviction is invalid. *State* v. *Dewey,* 55 Vt. 550; *Williams* v. *United States,* 168 U. S. 382, 42 L. ed. 509, 18 Sup. Ct. Rep. 92; *Mayer* v. *State,* 64 N. J. L. 322.

4. The acts of which the appellee was found guilty constitute wilful disobedience of orders and insubordination.

5. The contention that the petitioner was entitled to a hearing on his appeal by the three commissioners is, it is submitted, without merit. By the joint resolution passed December 4, 1890, 26 Stat. at L. 1113, it is provided that any two of the commissioners of the District of Columbia sitting as a board shall constitute a quorum for the transaction of business. *McBride* v. *Ross,* 13 App. D. C. 576.

6. The power of the courts to review the acts of the removing power is necessarily limited. *Avery* v. *Studley,* 74 Conn. 272; *Pierce's Appeal,* 78 Conn. 666; *State* v. *Hay,* 45 Neb. 321; *State* v. *Hawkins,* 44 Ohio St. 98; Dill. Mun. Corp. 5th ed. § 484; *District of Columbia* v. *Burgdorf,* 6 App. D. C. 465; *District of Columbia* v. *Brooek,* 29 App. D. C. 563; *Harris* v. *Barber,* 129 U. S. 366; *Barber* v. *Harris,* 6 Mackey, 586.

*Mr. Wilton J. Lambert* and *Mr. R. H. Yeatman,* for the appellee:

1. That the action of the trial board and the commissioners is quasi judicial, and therefore reviewable by a writ of cer-

tiorari, seems to be well settled.  *District of Columbia* v. *Burgdorf,* 6 App. D. C. 465; 28 Cyc. 442, and cases cited.

2. The record discloses that the appellee was convicted and dismissed on a charge of violating a section of the manual governing the metropolitan police force, which, it is conceded, refers exclusively to lieutenants, and does not govern privates. *State* v. *Common Council,* 53 Minn. 238.

Mr. Justice Robb delivered the opinion of the Court:

At the outset it may not be amiss to direct attention to a rule to which we have hitherto frequently given our assent, namely, that, inasmuch as the writ of certiorari is issued only in the sound discretion of the court, it "should never be granted except when required to effect substantial justice, nor in any case to give effect to mere technical objections, or to allow a party to avail himself of mere irregularities in the proceedings complained of." *District of Columbia* v. *Burgdorf,* 6 App. D. C. 471; *District of Columbia* v. *Brooke,* 29 App. D. C. 563. And this court has jurisdiction to inquire, on an appeal from an order of the supreme court of the District, granting the writ, whether that court has exercised its discretion in accordance with established rules and precedents governing the exercise of its jurisdiction. *Billings* v. *Field,* 36 App. D. C. 16.

The first question involved relates to the sufficiency of Charge 4 of the complaint upon which Mr. Creamer was tried. The gist of that charge is that the accused was insubordinate in refusing to inform his superior officers as to the nature of his business in said garage upon the occasion mentioned. This the accused fully understood, as the record clearly discloses. While a member of the police force may not be removed except upon written charges (act of June 6, 1906, 34 Stat. at L. 221, chap. 3056), Congress did not intend to require such charges to be formed with the technical accuracy of an indictment for crime. If the nature of the dereliction forming the subject-matter of the investigation is pointed out with sufficient

clearness and accuracy to enable the accused to prepare his defense, the purpose of the statute is met. *Joyce* v. *Chicago,* 216 Ill. 471, 75 N. E. 184; *People ex rel. Carney* v. *Scannell,* 80 App. Div. 322, 80 N. Y. Supp. 685.

The reference to the particular section of the Police Manual which it was supposed the acts complained of violated was entirely unnecessary, and hence may be disregarded on appeal. *State* v. *Dewey,* 55 Vt. .550; *Williams* v. *United States,* 168 U. S. 382, 42 L. ed. 509, 18 Sup. Ct. Rep. 92. Had the objection now urged been made before the trial board, where it should have been made, if at all, it would have taken but a moment to insert sec. 11 in the place of sec. 142. This objection was an afterthought and is devoid of merit.

The second point is hardly worthy of notice. That a member of the police force, upon being discovered by a superior officer in a position apparently inconsistent with the proper performance of his duties, may, while insisting that he was acting properly, decline to give any further information to his superior officer, upon the ground that to give such information he would in effect be testifying against himself, is a contention to which we cannot lend our assent. Such a practice, if approved by us, would, we are convinced, be so subversive of discipline as greatly to impair the efficiency of the police force. There is so much difference between an accusation of dereliction of duty and a charge of crime, that further comment is unnecessary. It may be, however, in view of the prevalence of the idea among members of the force that they had the right to defer the making of a statement until brought to trial, that the sentence of dismissal was severe; but with that we have nothing to do.

The judgment must be reversed, with costs, and the cause remanded for further proceedings.                    *Reversed.*